WHEELER, J.
In respect to the first and second grounds of error assigned it is only necessary to say that we see nothing in the ease to exeuse the plaintiff from the necessity of appearing and prosecuting his suit, or to prevent the court fiom dismissing it for the want of prosecution, or to entitle the plaintiff to have it reinstatad’after it had been so discussed. These points are deemed too clear upon the facts of the case to require illustration.
But the remaining objection to the judgment is not so clear for the appel-lees.
The case iiad been dismissed for the want of prosecution. The defendant bad elected to consider the plaintiff out of court and thereupon to take a final judgment against him, “that he take nothing by his petition’’and that the defendant “go hence” &c.; and when the plaintiff sought to reinstate himself in court, his right to do so was successfullj’’ resisted by the defendant. Could the defendant, after this final disposition of the case, take a judgment against tlie plaintiff in that case? We think not. ’When final judgment liad been rendered adjudging the parties out of court, without having first reinstated tlie case except for the purposes of such an application, jurisdiction of tlie parties for all the purposes of that case, direct or collateral, was at an end.
The 154th and 156th sections of tlie act of 1846 (Hart. Dig., p. 495) are to be taken together; aud they authorize judgment upon tlie bond upon the dissolution of tlie injunction. The former is consequent upon and immediately connected with tlie latter. When, on tlie 3d day of May, tlie court proceeded to dissolve an injunction and dismiss a case whicii was not before it, having already been dismissed on the 24th of April, its action was coram non judice and void. The injunction was dissolved of course when tlie case was dismissed for tlie want of prosecution. To have authorized the judgment last rendered, tlie court must first nave reinshited the ease. Then, if tlie petition showed no equity, or if the answer repelled the case made by the petition, or if tlie plaintiff had abandoned his complaint, tlie defendant might have had the injunction dissolved,' bis judgment against the obligors on tlie bond, aud tlie petition dis *213 missed. But surely the defendant having obtained a legal advantage over his adversary, could not hold on to that advantage, denying the latter tiie opportunity of being- heard to establish ills case, and yet claim to be heard and to take a Anal judgment against him. If lie would have had the judgment of tiie law on the bond, he should have done justice by consenting- to have the case reinstated. It was inequitable and against law thus first to simo tiie door of justice against the plaintiff and then proceed to take judgment against him.
Noth 75.—See Cochrane v. Middleton, 13 T., 275; Foster v. Martin, 20 T., 118; Aldridge v. Mardoff, 32 T., 204.
The judgment last rendered must be reversed, and the proceedings subsequent to the overruling of the motion to reinstate the case must be set aside and annulled.
Ordered accordingly.