VOLNEY BAYLESS ET AL. v. J. J. ALSTON ET AL.

(No. 1295, Op. Book No. 2, p. 256.)

APPEAL from Lamar County.   Opinion by WATTS, J.

§ **1031.** *Injunction; practice relating to.* The Farmers' and Merchants' Bank sued out an attachment against the property of one Jones, which was levied upon cotton claimed and replevied by him.   Before the institution of this suit, Jones and one Levner had executed to Bayless a mortgage upon their joint crop, to secure advances to be made by him to them, to enable them to make and

gather the crop, and this mortgage was placed upon record prior to the levy of the attachment. In the attachment suit, Bayless and Levner sought to intervene, claiming the cotton — Bayless claiming by virtue of his mortgage, and Levner that he was owner of one-half the cotton. Appellants were not permitted to intervene, and judgment was rendered against Jones for the debt due the bank, with foreclosure of attachment lien on the cotton. The replevy bond of Jones, upon which Bayless and Levner were sureties, was declared forfeited, and execution issued thereon; and Bayless and Levner brought this suit, and obtained an injunction restraining the collection of the execution, which injunction, upon motion made in term time in the county court, was dissolved, and, appellants declining to amend, judgment was rendered against appellants and the sureties upon their injunction bond for the amount of the debt enjoined and ten per cent. damages thereon, and for costs. *Held*, the motion to dissolve the injunction was heard and determined during term time, and, for aught that appears in the record, when the case was called for trial. The motion was properly sustained. The averments of the petition showed no right in Bayless entitling him to relief; and as to Levner, it shows that he had an ample legal remedy, to which he failed to resort at the proper time. He, as owner of one half the property levied on, could have made claim thereto under the statute, and had the question of title determined. There is no averment in the petition showing that Jones & Levner are insolvent, or that the cotton levied on was the only property that they owned that was subject to execution; besides, all the equities contained in the petition are denied by the answer. It was not error to dismiss the petition. The appellants, if they desired to amend and have a hearing upon the merits, should have applied therefor, and saved the refusal by bill of exception. [Ferguson v. Herring, 49 Tex. 126.] The injunction was issued in the case to restrain the collection of money, and the court did not err in rendering judgment

against the appellants and their sureties on the injunction bond for ten per cent. damages. [Pas. Dig. 3935; R. S. 2894; Wright v. Thomas, 6 Tex. 420; Pryor v. Emmerson, 22 Tex. 162.] The affidavit to the answer made by defendant's attorney, that the facts stated were " within his knowledge, and known by him to be true," was sufficient. Besides, no exceptions were taken to the answer.

March 3, 1881. Affirmed.