BEAR BROS. & HIRSCH v. MARX & KEMPNER.

(Case No. 1888.)

1. LIMITATION ON RIGHT TO SUE FOR EXEMPLARY DAMAGES.— Article 3202 of the Revised Statutes, which limits, among other things, the right of a party to bring an action for malicious prosecution to one year after the cause of action shall have accrued, has no application to a claim for exemplary damages based on the wrongful suing out of an attachment. The term "malicious prosecution," as used in that article, refers to a criminal proceeding, and not to a prosecution as involved in a civil action.

2. CONSTRUCTION OF STATUTES.— In the construction of a statute it is sometimes necessary to consider and ascertain the meaning of a word used therein, by seeing the evident meaning of other words used in the same connection, and thus obtain aid in arriving at the legislative intent.

3. ATTACHMENT.— When an attachment is sued out and levied on the property of another, when in truth the ground alleged for its issuance did not exist, then the attachment is "wrongfully" sued out, and the defendant is entitled to recover the actual damage sustained by him, which resulted from the levy of the writ.

4. SAME.— Though the grounds alleged for suing out the attachment did not in truth exist, but the plaintiff had probable cause to believe that they did exist, that fact negatives the evil *animus* and wrongful purpose which might be imputed to the plaintiff, and the defendant can then only recover actual damages. (Citing Walcott v. Hendricks, 6 Tex., 420; Culbertson v. Cabeen, 29 Tex., 255; Harris v. Finberg, 46 Tex., 90; Monroe v. Watson, 17 Tex., 626, and other cases cited in the opinion.)

5. DAMAGES — ATTACHMENT.— The fact that a judgment has been rendered against one whose property is wrongfully attached will not preclude him from recovering damages in an independent action brought for that purpose, when no issue was raised in the former suit by plea regarding the wrongful issuance of the writ, or claim for damages.

APPEAL from Galveston. Tried below before the Hon. Wm. H. Stewart.

The opinion states enough of the case for a proper understanding of the principles announced.

*McLemore & Campbell* and *G. E. Mann*, for appellant, that the court erred in its charge regarding the effect of "probable cause," cited: Harris *v.* Finberg, 46 Tex., 96, 97; Culbertson *v.* Cabeen, 29 Tex., 255; Kirsey *v.* Jones, 7 Ala., 626; Peiser *v.* Cushman, 13 Tex., 391; Wilson *v.* Outlaw, 1 Minor (Ala.), 368.

That the court erred in applying the bar of limitation of one year, they cited: American Leading Cases; R. S., art. 3202, p. 464; R. S., Penal Code, p. 38, art. 273; Introduction to Revised Statutes; R. S., art. 3138, subd. 6, p. 455; Pasch. Dig. of Laws, art. 4604; Hart. Dig., p. 726; Usher *v.* Skidmore, 28 Tex., 616.

*Davis & Sayles*, for appellees, that the court did not err in sustaining exceptions to the claim for vindictive damages, cited: Wallace *v.* Finberg, 46 Tex., 36; Harrison *v.* Harwood, 31 Tex., 657; Kauffman & Runge *v.* Wicks, Tex. L. Rev., vol. 4, No. 19, p. 272.

That the action was in effect an action for malicious prosecution, they cited: Jacobs, Bernheim & Co. *v.* Crum, 4 Tex. L. Rev. (Dec. 9, 1884), page 320; Same Case, 3 Tex. L. Rev., 423; Drake on Attachments, secs. 154, 729; 1 Wait's Act. and Def., 428, citing Lovier *v.* Gilpin, 6 Dana, 321; Smith *v.* Story, 4 Humph., 169; Joy *v.* Barnhart, 10 Mo., 151; McKellar *v.* Couch, 34 Ala., 336; Tallant *v.* Burlington Gas Light Co., 37 Iowa, 261; Wood *v.* Weir, 5 B. Mon., 544, 549; Bump *v.* Betts, 19 Wend., 421; O'Brien *v.* Barry, 106 Mass., 300; Whitworth *v.* Hall, 2 Barn. & Ad., 680; Matthews *v.* Dickinson, 7 Taunt., 399.

In their motion for rehearing, they cited: Hubbard *v.* Lord, 59 Tex., 383; Haldeman *v.* Chambers, 19 Tex., 52–55; Wallace *v.* Finberg, 46 Tex., 49; Harris *v.* Finberg, 46 Tex., 79; 2 Greenl., §§ 453–59; Stewart *v.* Sonneborn, 8 Otto, 187, and authorities therein cited; Drake on Attachments, secs. 154, 729; 1 Wait's Act. and Def., 428, citing Lovier *v.* Gilpin, 8 Dana, 321; Smith *v.* Story, 4 Humph., 169; Joy *v.* Barnhart, 10 Mo., 151; McKellar *v.* Couch, 34 Ala., 335; Tallant *v.* Burlington Gas Light Co., 37 Iowa, 261; Wood *v.* Weir, 5 B. Mon., 544–9; Bump *v.* Betts, 19 Wend., 421; O'Brien *v.* Barry, 106 Mass., 300; Whitworth *v.* Hall, 2 Barn. & Ad., 680; Matthews *v.* Dickinson, 7 Taunt., 399.

STAYTON, ASSOCIATE JUSTICE.— This action was brought by the appellants October 24, 1882, to recover damages, actual and exemplary, from the appellees, under averments that on October 26, 1880, they wrongfully, vexatiously, maliciously, and without probable cause, sued out two writs of attachment, which on the 27th Octo-

ber, 1880, were levied on a stock of goods belonging to the appellants.

They also sought to recover damages for the alleged neglect of appellees to collect certain collaterals, which had been placed in their hands for collection, and as security for debts due to them by the appellants.

By demurrer, the defendants interposed the defense of limitation of one year, which on hearing was sustained, to so much of the petition as sought to recover exemplary damages.

This ruling is assigned as error.

Art. 3202, R. S., provides that: "There shall be commenced and prosecuted within one year after the cause of action shall have accrued, and not afterwards, all actions or suits in court of the following description:

"1. Actions for injuries done to the person of another.

"2. Actions for malicious prosecution, or for injuries done to the character or reputation of another by libel or slander.

"3. Actions for damages for seduction or breach of promise of marriage.

"4. Actions for injuries done to the person of another, where death ensues from such injuries; and the cause of action shall be considered as having accrued at the death of the party injured."

It is claimed by the appellees that, within the meaning of this statute, this is an action for malicious prosecution.

Every action referred to in the article cited evidently is an action for injury done to the person or character, unless it be an action for malicious prosecution, which is ordinarily brought for an injury resulting from a wrongful and malicious prosecution of a criminal action, but may be brought in a few cases in which civil actions have been maliciously prosecuted.

The cases in which the latter class of actions may be brought are not very clearly defined.

The fact that the statute, in grouping the various actions which must be brought within one year after cause of action accrues, includes an action for malicious prosecution with those given only for injuries done to person or reputation, is strongly indicative that it was the intention of the legislature to make the statutory bar of one year applicable only to actions brought for malicious prosecutions under the criminal law of the state, which in terms defines that offense. P. C., 273.

Such a prosecution involves the arrest of the person prosecuted, and is an injury to the person, and may be an injury to reputation.

Thus considered, the action for malicious prosecution, embraced in the article under consideration, would be kindred in character to the other actions to which the bar of one year is applied.

In construing a statute, it is often proper, and even necessary, that the meaning of words may be ascertained by reference to the meaning of words associated with them. This rule is thus stated by an elementary writer: "In the construction of statutes, likewise, the rule '*noscitur a sociis*' is very frequently applied; the meaning of a word, and consequently the intention of the legislature, being ascertained by reference to the context, and by considering whether the word in question and the surrounding words are, in fact, *ejusdem generis*, and referable to the same subject-matter." Broom's Legal Maxims, 593; State *v.* McGarry, 21 Wis., 496.

It seems more in harmony with the letter and spirit of the entire article under consideration to hold that it refers only to actions for malicious prosecution under the criminal laws of the state wherein injury to the person results, than to apply it to an action for the malicious prosecution of a civil action, wherein, under the laws of this state, the estate of a defendant alone would be affected.

This construction of the article is strengthened by the provisions of the succeeding one, which provides that "there shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description:

"1. Actions of trespass for injury done to the estate or the property of another.

"2. Actions for detaining the personal property of another, and for converting such property to one's own use.

"3. Actions for taking or carrying away the goods and chattels of another.

"4. Actions for debt where the indebtedness is not evidenced by a contract in writing.

"5. Actions upon stated or open accounts, other than such mutual and current accounts as concern the trade of merchandise between merchant and merchant, their factors or agents." R. S., 3203.

These actions all relate to injuries done to the property or estate of the party bringing the action.

The first subdivision of this article would doubtless include a seizure under an attachment wrongfully or maliciously sued out; for it is evident that the "actions of trespass" here spoken of do not mean such actions as are technically so known; for, in this state, there are no such distinctions in, or forms of, actions as are known at common law.

The word "trespass," as here used, is used, not in a technical sense, but broadly, and means any act violative of the right of another through which injury is done to his estate or property.

The court instructed the jury, in different parts of the charge, that the plaintiffs could not recover if there was probable cause for suing out the writs of attachment. A part of the charge was as follows:

"Upon the question of the plaintiffs' claim for damages on account of the attachment proceedings the only question that you will consider is whether or no there was 'probable cause' for the attachment, for if there was 'probable cause' for the attachment, then there was no damages by reason of the attachment; but if there was no probable cause for the attachment, then the plaintiffs are entitled to recover the actual damage which was caused by the attachment, that is, the difference between the value of the goods at the time of the levy of the attachment and the amount of the sale of the attachment, with eight per cent. interest on the difference."

"By 'probable cause' is meant a reasonable ground for suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged."

"There has been much evidence, but there are but two simple questions involved in this cause, to wit: Was or was there not *probable cause?* and upon that question hangs the whole claim of damages for the attachment," etc.

This charge, in so far as it was applicable to the case before the court, after the demurrer to appellants' claim for exemplary damages was sustained, is in conflict with the former decisions of this court, and against the great weight of authority.

If an attachment be sued out and levied on the property of a defendant, when, in fact, the grounds upon which the attachment was sued out did not exist, then the attachment is wrongfully sued out, and the defendant is entitled to recover whatever actual damages he has sustained by the levy of the writ so wrongfully obtained.

If, however, the grounds on which the attachment was sued out really did not exist, but there was probable cause to believe that they did exist, then probable cause becomes important; for, if it existed, it strips the transaction of evil motive, and defeats the right to recover other than actual damages.

The rule and reason for it are thus well stated in Walcott *v.* Hendricks, 6 Tex., 420: "The remedy by attachment is harsh and severe. All persons are protected by the constitution from unreasonable seizures of their property, and no one can be deprived of its secure

possession and enjoyment unless by the due course of the law of the land. It is at the peril of the plaintiff if a seizure be wrongfully made. He must swear positively to the facts which are the foundation of the proceeding, and he must have such knowledge as will justify his oath. . . . The amount of damages that may be awarded depends in a great measure upon the motives of the plaintiff. If these be malicious, if there were no probable cause for the proceeding, and it was instituted to vex and harass the defendant, the damages should be exemplary; but if the motive were an honest desire to secure the payment of a just debt, though there be no sufficient legal cause for the attachment, the damages really sustained should be the measure of redress." Culbertson v. Cabeen, 29 Tex., 255; Harris v. Finberg, 46 Tex., 90; Monroe v. Watson, 17 Tex., 626; Reed v. Samuels, 22 Tex., 116; Drake on Attachments, 173a, 174, and authorities cited.

It was the legal right of the appellants to continue in the peaceable possession and enjoyment of their property, and unless facts existed which authorized their property to be taken from their possession for the security of creditors, the taking was a legal wrong, which good intentions and pure motives could not make legally right.

It does not appear that the appellants, by a plea in reconvention, sought in the suits in which the attachments were issued to recover damages for the wrongful or malicious suing out of the attachments, as they might have done, but were not compelled to do; therefore, the fact that judgments may have been rendered in favor of the appellees in those cases for the debts sued for does not operate as a bar to this action.

No issue was made in those cases in which the question whether the attachments were wrongfully issued could have been tried, and the truthfulness of the affidavits made to procure the attachments could not, therein, have been controverted for the purpose of dismissing the writs. Harris v. Finberg, 46 Tex., 92; Cloud v. Smith, 1 Tex., 618.

For the errors mentioned the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered February 13, 1885.]