| 71 | 331 |
| 79 | 359 |
| 71 | 321 |
| 92 | 123 |
| 92 | 124 |

No. 5939.

## LEON & H. BLUM ET AL. *v.* J. A. STRONG.

1. VENUE—ILLEGAL ATTACHMENT PROCEEDINGS.—In an action by the defendant in attachment against the officer making the seizure, and the attachment creditor residing in another county, and brought in the county where the seizure and sale were made, it was alleged in the petition that by collusion between the officer and the attaching creditors an excessive levy was made, and the goods sold in bulk, etc., for the purpose of injuring the defendant. *Held*, the allegations prima facie gave jurisdiction over the non-resident defendant; but by plea alleging that the allegations were fraudulently made for the purpose of conferring jurisdiction, followed by issue and proof of the fraudulent character of the allegations, the suit may be abated as against the creditor residing in another county.

2. CHARGE OF COURT—OFFICER MAKING LEVY.—In such damage suit, it appearing that the attachment was regular on its face and no irregularity in the action of the officer being shown in evidence, either in the seizure or sale of the goods levied upon, the court should have instructed the jury to find for such officer.

3. BURDEN OF PROOF—CHARGE.—While it is a rule of law that the burden is upon the party alleging the affirmative of an issue, it is not always necessary or proper to give it in charge to the jury. In many cases testimony bearing upon the issue comes from both plaintiff and defendant, and in passing upon the entire testimony the jury should not have their attention directed to the party from whom the testimony may come. It is sufficient if the charge indicates the questions of fact to be found.

4. GROUNDS OF ATTACHMENT — DAMAGES. — In order to defend against actual damages, the very ground stated in the affidavit must be true; while it is a sufficient defense to a claim for exemplary damages that there was reasonable and probable grounds to believe the facts stated in the affidavit were true. In an action for actual damages it was proper to exclude evidence of any ground for the attachment other than that stated in the affidavit upon which it was issued.

5. REVERSAL AS TO PART OF CAUSE.—When the justice of a case will be reached by reversing as to one defendant and affirming as to another, it may be done.

ON MOTION FOR A REHEARING.

6. WAIVER OF PLEA.—By proceeding to trial upon the merits of a case without specially invoking the action of the court upon a plea in abatement, it will be presumed that the plea was waived.

APPEAL from McLennan. Tried below before Hon. B. W. Rimes.

*Scott & Levi,* for appellants, cited Revised Statutes, 1198; Hubbard v. Lord, 50 Texas, 384; Hilliard v. Wilson & Blum, 65 Texas, 290; Revised Statutes, 164, 171; Drake on Attachment, secs. 194, 194a and 171.

*Herring & Kelley,* for appellee.

MALTBIE, PRESIDING JUDGE. The questions in this case arise from the suing out of an attachment by Leon & H. Blum in the district court of Galveston county, and causing E. D. Costley, who was a constable of McLennan county, to seize and sell a stock of goods, the property of J. A. Strong, under said attachment, which was situated at Crawford, in McLennan county. After the seizure and sale of said property Strong brought suit

in the district court of McLennan county against the Blums and E. D. Costley for damages, actual and exemplary, on account of the said seizure and sale of his goods, but the claim for exemplary damages was eliminated by the rulings.

It was claimed in the petition that the Blums and Costley combined together and made an excessive and oppressive levy on plaintiff's goods, and the constable, at the instance of the Blums, sold the same in bulk at Crawford, where there were but few buyers, of limited means, and the Blums purchased said goods at less than one fourth of their value as the result of their combination; that plaintiff requested the goods to be sold in small lots; that if it had been done they would have brought something like their true value, but that the Blums and Costley disregarded the reasonable request of plaintiff and caused said goods to be sacrificed. To these allegations the constable only pleaded a general demurrer; and the Blums their privilege of being sued in Galveston county, that being the place of their residence, but they did not plead that the allegations of the petition were fraudulently made with a view of giving the district court of McLennan county jurisdiction of the persons of the Blums.

The jurisdiction of a court must be determined by the allegations of the petition, except when it is averred in the answer that the allegations are fraudulently made for the purpose of conferring jurisdiction and there is issue joined, and it is found that the allegations were in fact fraudulently made for the purpose of giving the court jurisdiction. The case of Hilliard & Hilliard v. Wilson & Blum, reported in 65 Texas, 286, et seq., holds that ordinarily when a writ of attachment is wrongfully issued in one county and levied in another, the plaintiff in attachment being a resident of the county where it is issued, can only be sued in the county of his residence when the plea of privilege is interposed; but that decision further holds that such allegations as are contained in the petition in this case would be sufficient to give the court of the county where the writ was levied jurisdiction of the person of the plaintiff in attachment, in a suit by the defendant against him for damages on account of an oppressive and excessive levy and fraudulent sheriff's sale resulting in loss to the defendant in attachment; from which it follows that this suit was well brought in McLennan county.

There was error, under the facts of this case, in refusing to

instruct the jury, upon request, to find in favor of E. D. Costley. The process was regular upon its face, and not only justified but required him to make a sufficient levy to satisfy the amount of the attachment and all costs of suit. (Rev. Stats., art. 144; Drake on Attachments, sec. 194 et seq.)

The officer must necessarily exercise a discretion as to the quantity of goods and effects that would be required to bring the amount of the debt at forced sale. The inventory of the goods, as made out by the officer, was but slightly in excess of the amount of the debt, while they actually sold for only about half the amount of the debt. And there is no evidence in the record tending to show that he acted improperly in any way in making the levy or sale.

The court did not err in refusing to charge that the burden was on the plaintiff to show that the attatchment was wrongfully sued out. While it is a rule of law, as well as of logic, that the burden is on the party holding the affirmative of an issue, it is not believed to be necessary to give it in charge to a jury in every case. A jury is to pass upon all the evidence in the record without regard to whether the plaintiff or defendant has introduced any particular fact or facts; and it doubtless sometimes happens that the plaintiff's evidence is of itself insufficient to authorize a verdict in his behalf, when the defendant comes to his relief and introduces evidence, which, when taken together with that introduced by the plaintiff, will justify the jury in then rendering a verdict for the plaintiff, and vice versa. In this case both parties introduced evidence before the jury, and the court, among other things, charged: "If you believe from the evidence that the grounds set out in the affidavit for attachment were not true, plaintiff would be entitled to the actual damages which the proof shows he may have sustained. The affidavit recites that the plaintiff J. A. Strong had disposed of his property for the purpose of defrauding his creditors, and if you believe from the evidence that the plaintiff at and before the suing out of the attachment had disposed of his property with intent to defraud his creditors, or if you find that plaintiff had disposed of his property, and the natural effect of such disposition was to withdraw and place the property of plaintiff beyond the reach of his creditors, then you will find for defendant." We think the charge as given fairly presented the issues involved to the jury, and

any further instruction in reference to the burden of proof was unnecessary.

We do not think it was the duty of the court to call the attention of the jury to the distinction between legal fraud and a corrupt intent any more definitely than was done in the general charge. Speaking for myself, I have always doubted whether the enunciation of propositions of law, disconnected with the facts of the particular case in the charge of the court, tended in any great degree to enlighten the jury. We do not think the court erred in refusing sixth special instruction requested by defendants, for the reason that it gives undue prominence to a particular portion of the evidence by calling special attention to it, and because it may have been construed as intimating that Strong had not accounted for the proceeds of the sale of his goods and was calculated to mislead the jury. It is insisted that the court, upon request, should have submitted the issue to the jury, whether Strong had done any other act, beside the one charged in the affidavit, that would have authorized an attachment, for the alleged reason that such attachment would not be wrongful as to Strong, he being guilty of other acts that would authorize an attachment. It is settled law that such other acts may be considered whenever there is a claim for exemplary damages. And there has been a clear distinction in this State as to what would authorize actual and what would authorize exemplary damages in attachments since the case of Walcott v. Hendrick, 6 Texas, 419. In order to defend against actual damages the very grounds stated in the affidavit must be true, while it is a sufficient defense to a claim for exemplary damages, that there was reasonable and probable grounds to believe that the facts stated in the affidavit were true. The reason that other acts that would authorize an attachment, or facts or rumors that would raise a strong suspicion in a reasonable mind that some act had been, or was about to be done, that would justify an attachment, may be considered in reply to a claim for exemplary damages, is because such acts, facts or rumors, might tend to show that there was no malice or improper motive and that there was probable cause for suing out the attachment.

It is insisted by appellants, as a reason why other grounds than the one stated in the affidavit should be considered as a defense to an action for the wrongful suing out of an attachment, that a creditor might hear, and it might be a fact, that

his debtor was about to dispose of his property to defraud his creditors, and that such creditor might at once begin to prepare his paper for an attachment on that ground, but before he could have them filed the debtor had actually disposed of his property; and that in such case the creditor, under the rule as it now is in this State, would be liable to the dishonest debtor for actual damages; and that a rule that would lead to such absurd results ought not to be permitted to stand as the law of the land. There are but few rules of law that may not, in some instances, work hardships, but it is hardly probable a distinction between a contemplated and actual transfer of property with fraudulent intent, so closely connected in point of time as in the instance of counsel, could be enforced in the courts of the country against a creditor who had made such a slight mistake.

That a debtor has done a certain act that would authorize an attachment, is no sufficient reason for a creditor to make affidavit of other acts not in fact true, and thereby cause a loss to the debtor; and if he does so, he ought not to be heard to say: "It is true I made a false affidavit to procure the atachment, but you were guilty of other acts which, if known in time, would have justified me in procuring an attachment on those grounds, and therefore you are not wronged."

This would be giving the creditor an unjust advantage, making the debtor suffer for his violation of law, while holding the creditor harmless for false swearing—even though the debtor sustained an actual loss on account of it, and releasing the creditor from the consequences of his tort, for no other reason than that the debtor had done an unlawful act. When a creditor resorts to the proceeding by attachment, he stands for himself alone, to the exclusion of the rights of his debtor and the rights of every creditor such debtor may have; and it has always been the policy of the courts to require him to strictly pursue the provisions of the law entitling him to this great preference; and it seems but just to require him to answer for any violation of law, at least to the extent of compensation for losses thus occasioned. The rule, as it exists in this State, has been long established, and is, we think, well sustained by reason and authority, and should stand. (Bear Brothers & Hirsch v. Marx & Kempner, 63 Texas, 298, et seq., and authorities there cited; William Wood v. W. A. Huffman, 5 Texas Law Review, 384.)

It follows that the court did not err in excluding from the jury the evidence of Strong and Eaton to the effect that shortly before the levy of the attachment Strong had attempted to dispose of his entire stock of goods for the purpose of defrauding his creditors, offered for the purpose of showing the attachment was not wrongfully sued out; the ground set forth in the affidavit being that J. A. Strong had disposed of his property for the purpose of defrauding his creditors.

It is also claimed that the verdict of the jury is not warranted by the evidence. While there are some apparent inconsistencies in the testimony of the appellee still we think the same susceptible of explanation on grounds consistent with honesty and truth; and the weight of the evidence and the credibility of the witnesses being matters that the jury and court below were the primary judges of we do not feel called upon to disturb the verdict on that ground.

The court, in its charge, did not submit any issue in reference to the liability of the constable, E. D. Costley. The facts that would render the Blums liable would not render the constable liable, nor were the same facts relied on for that purpose, nor are there any facts in the record that would authorize the jury to find against him. Construing the verdict of the jury in the light of the charge of the court there was no finding against Costley and no judgment should have been rendered against him. It follows that the judgment must be reversed as to this defendant. And as a general rule when a judgment is reversed as to one defendant it should be reversed as to all. But it seems that when the justice of a case will be reached by reversing as to one defendant and affirming as to the other that it may be done. (Burleson v. Henderson, 4 Texas, 60.) Counsel for appellee in their argument express a willingness to enter a remittitur as to Costley, and believing that the justice of the case will be attained by reversing the judgment and dismissing as to E. D. Costley and affirming as to the other defendants, we report that the judgment should be so entered.

Opinion adopted December 6, 1887.

　　　　　　　　　　WILLIE,
　　　　　　　　　　*Chief Justice.*

*Scott & Levi,* for appellants, submitted a motion for a rehearing for the alleged reasons: "That it is apparent upon the

record that the district court of McLennan county had no jurisdiction over these appellants, Leon Blum, Sylvain Blum and Hyman Blum, except on account of an alleged cause of action against them jointly with the appellant Costley, which joint cause of action was specially denied in the plea of these appellants to the jurisdiction of the district court of McLennan county, and this court, in its judgment, has found the facts so relied on to give jurisdiction to the district court of McLennan county were not true, and under the plea to the jurisdiction made by these appellants, judgment should have been in this court for these appellants."

The motion was supported by a vigorous argument.

GAINES, ASSOCIATE JUSTICE. The motion in this case asks a rehearing upon the ground that the plea in abatement in the lower court should have been sustained. The petition sought to recover damages of appellants for wrongfully and maliciously suing out an attachment against appellee, and also of appellants and one Costley, the officer who levied the writ, for an illegal and oppressive levy, in which appellants were alleged to have participated. The plea in abatement averred the residence of two of appellants in Galveston county, and that of the third in New York, and denied any participation in the excessive levy, if there was one, and claimed the privilege of the appellants of being sued for the wrongful and malicious suing out of the attachment in Galveston county. The former opinion in this case holds that, to make the plea in abatement good, it should have been averred that the allegations in the petition, of excessive levy by the officer and of appellant's participation therein, were fraudulently made for the purpose of acquiring jurisdiction over appellants in the district court of McLennan county. The elaborate argument in support of the motion seeks to show that this proposition is erroneous, and hence that since this court holds there was no evidence to warrant a judgment against Costley, the judgment should be here reversed and rendered for appellants upon their plea of privilege.

The question presented by the motion is a difficult one; but, upon a careful examination of the record, we do not consider it necessary to decide it.

The suit was originally instituted in March, 1884, and was

tried in April, 1885. The plea in abatement was filed November 2, 1884, whether during term time or vacation does not appear. It was during a time when the district court of McLennan county might have been in session. If the plea had been passed over during the term without action it should be considered as waived; but there are no orders in the record as of the fall term, and we can not say this was the case. We do not know whether the court had adjourned or not when the plea was filed. But when the case was called for trial at the spring term the defendants announced ready, and the plaintiff was forced to trial upon the merits of the case. Nothing appears in the record to show that the attention of the court was specially called to the plea in abatement, or that a trial was asked upon it. The statement of facts shows that the trial was actually had upon the issues made by the petition and the answers which were interposed in bar of the action.

The record of the proceedings on the trial discloses no reference to the plea in abatement until the evidence was introduced and the jury were being charged, when defendants asked an instruction upon the subject.

The statute requires that all dilatory pleas shall be disposed of at the first term if the business of court will permit. (Rev. Stats., art. 1269), and also that when a case is called for trial all issues of law and all pleas in abatement and other dilatory pleas shall be then disposed of. (Rev. Stats., art. 1291.) But it has been held that if a plea in abatement be submitted with those to the merits it is not such error as will require a reversal of the judgment. (Holstein v. Gardner, 16 Texas, 115; Brein v. Ry. Co., 44 Texas, 302.) But the cases cited hold that when such practice is adopted the jury should be instructed to pass upon the plea in abatement first, and that if they find that issue in favor of the defendant they should go no further. These cases do not hold that the defendant is not required to call the attention of the court to his dilatory pleas and ask that they be tried before the trial upon the merits is commenced. Since these decisions were rendered the new rules have been adopted, which expressly require that "all dilatory pleas * * * shall be first called and disposed of before the main issue on the merits is tried." (Rules for the District Court No. 24.) This rule is in strict accordance with the spirit if not the letter of the statute, and is decisive of the question before us. In Peveler v. Peveler, 54 Texas, 53, it was

held that the defendant by continuing his cause at the first term of the court, had waived his plea to the jurisdiction. A dilatory plea such as the plea of privilege in this case stands very nearly upon the same footing as a demurrer upon which a defendant must specially ask the action of the court or it will be considered abandoned. (Watson v. Baker, 67 Texas, 48; Galveston Co. v. Noble, 56 Texas, 575.)

We therefore conclude that the appellants, by proceeding to trial upon the merits of the case, without specially invoking the action of the court upon the plea in abatement, must be held to have waived it; and that it matters not so far as the disposition of this appeal is concerned, whether it should be considered a sufficient plea or not.

The rehearing is refused.

*Refused.*

Opinion delivered June 30, 1888.