## D. R. BRITT ET AL. v. M. BURGHART.

### Delivered April 27, 1897.

**1. Ruling of Trial Court—Special Exception—Error Corrected by Charge.**

The overruling of a special exception to allegations by plaintiff in avoidance of a contract relied on by defendants, on the ground that it was procured by false and fraudulent representations, is harmless to defendants, where the charge treats such contract as valid if true, and the jury find that the same was not true.

**2. Evidence—Terms of Contract—Admissibility.**

Evidence of an agent through whom plaintiff employed defendant attorneys to make a collection for him, and of a third person, is admissible to show the terms of such contract as to defendants' compensation, where such agent testifies that he made the contract with defendants, and that he immediately afterwards reported the terms thereof to plaintiff in the presence of such third person, but that he had forgotten the terms.

**3. Practice in Trial Court—Argument to Jury.**

A judgment for plaintiff in an action to recover money collected for him by defendants as attorneys will not be reversed because plaintiff's attorney in his closing argument read, from a deed given on a settlement of the matter given to defendants for collection, a recital showing a provision securing attorney's fees, with a remark that defendant's testimony as to a contract for half for collection is "fishy and funky," and that "'defendants are shrewd, sharp lawyers, but they forgot that their fees are evidenced by their writing," where the court admonished the attorney to confine himself to the record, and the defendants' attorneys were permitted to controvert the construction placed by plaintiff's counsel on such recital.

**4. Charge of Court—Quantum Meruit.**

Where the testimony warranted the inference that the minds of the litigants had not met upon the terms of any contract as the basis of the pending suit, though it was undisputed that the services were rendered as alleged, and the pleading raised such an issue, the court properly submitted to the jury the issue of quantum meruit.

APPEAL from Hardeman. Tried below before Hon. G. A. BROWN.

*S. P. Huff* and *Standlee & Green*, for appellants.

No brief for appellee reached the Reporter.

TARLTON, CHIEF JUSTICE.—On July 25, 1887, M. Burghart loaned to M. N. Sevier $2000, for which the latter executed his two promissory notes, each for the sum of $1000, maturing respectively in one and two years, with 10 per cent interest from date and an attorney's fee clause of 10 per cent. As a purported security for this indebtedness, Sevier executed a transfer reciting that the notes represented the purchase

money and constituted a vendor's lien upon a certain brick storehouse and lot situated in the town of Vernon, Texas.

Sevier was the head of a family, and as the maturity of the first note approached he threatened to obstruct its collection with the defense that the recital of purchase money and vendor's lien contained in the transfer was false, except as to the sum of $1029 or thereabouts, and that the property was his business homestead. Thereupon Burghart placed the notes for collection in the hands of the appellants, Britt & Easton, lawyers.

As attorneys for Burghart, the appellants brought suit against Sevier on the notes, seeking to subject the property. After the pendency of the litigation for some time, the matter was adjusted in this manner: The suit was dismissed. Sevier and his wife conveyed the property to one Tennie Roberts. The latter assumed the payment of the notes, principal, interest, and attorney's fees, and secured the indebtedness, payable in monthly installments of $80, by the execution of a deed in trust upon the property.

Britt & Easton collected from Tennie Roberts all of the indebtedness except $750. Of this they paid to the appellee Burghart the sum of $1253.30, as he contends,—the sum of $1331.43, as they contend. The appellants declined to make further payments to Burghart, on the ground that when they undertook the collection of the notes they had an agreement with the appellee that, as it was extremely questionable whether the claim could be enforced, on account of the dangerous character of Sevier's plea, they were to be entitled to one-half of the amount which should be collected by them. On the other hand, the contention on the part of Burghart was that the appellants undertook the collection of the indebtedness with the agreement that if they collected it without suit, he was to pay them $25; if with suit, their remuneration was to be measured by the 10 per cent stipulation for attorney's fees provided by the notes.

The appellee brought this suit against Britt & Easton to enforce the payment by them of the money collected as above indicated and wrongfully withheld by them, as he alleges. After the execution of the deed in trust by Tennie Roberts, the latter became the wife of M. N. Sevier, who obtained a divorce from his former wife. M. N. Sevier and his wife Tennie Sevier were made parties to the suit, and judgment was sought against them for the unpaid balance of $750, and for a foreclosure of the mortgage upon the property.

A verdict and judgment were recovered against Britt & Easton for $704.05, and against M. N. Sevier and Tennie Sevier for the sum of $750, with interest and foreclosure. From the verdict and judgment against them Britt & Easton appeal.

In accordance with the verdict of the jury, which rests upon conflicting evidence, we find against the contention of appellants that the contract under which they undertook the collection of the indebtedness was on the basis of 50 per cent.

*Opinion.*—1. The court in its charge pointedly treated the contention of the appellants, to the effect that the contract of collection was for one-half of the amount, as valid, if true. The verdict of the jury as pointedly found against this contention. Hence there is no merit in appellant's complaint that the court overruled a special exception, addressed by the defendants to the plaintiff's averments avoiding the contract relied upon by the defendants, on the ground that it was procured by false and fraudulent representations. The court treated the defense predicated upon such contract as valid, without reference to the issue of fraud.

We would be wholly justified in ignoring the first assignment, complaining of this action of the court. The assignment is accompanied by no statement whatever, as required by the rules, of the pleadings of the plaintiff complained of, or of the exception addressed to them. We are left to grope, as it were, through the record in search of the point of the appellants' contention; and when we find the exception, it presents propositions different, distinct, and disconnected in subject matter. Counsel should observe the rules prescribed for the proper and logical presentation of the issues involved, or they must expect that their attempted presentation will be ignored.

2. According to the contention of the appellee, he employed Britt & Easton in the collection of his indebtedness through the agency of one D. A. Turner. The latter testified that Messrs. Britt & Easton, as he recollected the arrangement with them, undertook the collection of the indebtedness for the 10 per cent stipulated in the notes, in case they had to bring suit; that if, however, the collection should be effected without suit, their compensation would be on a different basis; that he did not remember what this basis was, but that whatever it was, he reported it immediately thereafter to Mr. Burghart and to one Mr. Johnson. Thereupon Johnson was permitted to testify that Turner reported to him and Burghart, immediately after his purported conversation with Britt & Easton, the terms of the contract as agreed upon with Britt & Easton, to wit, that they would undertake the collection of the claims for the 10 per cent stipulated in the notes, if suit were brought, and for $25 if suit was unnecessary.

Under these circumstances we think the testimony of Turner and Johnson was admissible upon the question of the character of the contract, though Britt & Easton were not present when Turner stated to Johnson and Burghart what the terms of the contract were. We hence overrule the second and third assignments of error, complaining of the action of the court in admitting the testimony of Turner and Johnson as above indicated.

3. We decline to reverse the judgment because the plaintiff's attorney in his closing argument read to the jury, from the deed of trust given by Miss Tennie Roberts, the recital showing the provision securing attorney's fees, with the remark that the "testimony of defendants as to the contract for one-half is fishy and funky," and the further remark that

the "defendants are shrewd, sharp lawyers, but they forgot that their fees are evidenced by their writing." The explanation to the bill of exceptions shows that the court admonished the attorney to confine himself to the record, and that the defendants' attorneys were permitted at the time to controvert the construction of plaintiff's counsel placed upon the recitals in the deed of trust. The language may have been declamatory, and in violation of good taste, but we are unable to say that the jury, as reasonable men, were unduly influenced by it.

4. The charge of the court with sufficient clearness submitted to the jury the litigated issue of fact, resting on sharp conflict in the testimony, as to whether the defendants undertook the collection of the indebtedness for one-half as their compensation or for the 10 per cent stipulated in the notes. The special charge number 2 bearing upon this issue was properly refused. So the court correctly rejected the special charge number 3, to the effect that the jury were not authorized to make any contract for the parties, and that the only verdict that they could render must be authorized by the evidence. The jury were of course instructed that they were the exclusive judges of the facts proven and the credibility of the witnesses.

5. The court's charge contained a clause as follows: "But if you, the jury, do not find that the firm of Britt & Easton, or that Eugene Easton, for said firm, told D. A. Turner that they would take the two Sevier notes for collection for a fee of 10 per cent, and you do not believe that plaintiff and the said Britt & Easton had a contract for an equal division of the amount collected on said notes, then I instruct you that under the law the said Britt & Easton will be entitled to receive a reasonable compensation for their services rendered plaintiff for the collection of the entire amount, collected and uncollected, against the Seviers, as appears from the evidence before you, and no more; and if the sums already collected and appropriated by them exceed such reasonable compensation, then plaintiff will be entitled to a verdict against the said Britt & Easton for such sums as were so collected and appropriated in excess of such reasonable compensation, together with interest," etc.

We overrule the assignment urging the proposition that the court was not justified, under the evidence, in submitting the issue of quantum meruit. We think that the court, under the course of the testimony, was authorized in concluding that the jury might infer that the minds of the litigants had not met upon the terms of any contract for compensation, although it was undisputed that the notes had been placed in the hands of the appellants for collection. The plaintiff in his petition presented such an issue, pleading that if in fact no contract existed between the plaintiff and defendants as to their compensation for collecting the notes, defendants would be entitled only to a reasonable compensation for their services rendered in such collection, and that 10 per cent, as expressed in the notes, and which is the usual and customary charge for collecting, as known to the defendants, would be such reasonable com-

pensation. A witness, Mr. Stovall Johnson, testified in effect that a cash fee of $100 would be a reasonable compensation for the services of the appellants in looking after the litigation.

6. The charge of the court sufficiently indicated the questions of fact to be found. No necessity existed for an express charge upon the burden of proof. Blum v. Strong, 71 Texas, 321.

7. The record would not justify us in setting aside the verdict on the ground that it was without support in the evidence.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.