## LAWRENCE BELL v. L. F. FOX.

### Decided December 24, 1904.

#### Opening and Conclusion—Admission—Attachment.

Where plaintiff sued on an account, with an ancillary attachment, and defendant admitted plaintiff's cause of action, it was error for the court to refuse defendant the right to open and conclude unless he also admitted the truth of the grounds alleged in the affidavit for the attachment.

Appeal from the County Court of Denton. Tried below before Hon. J. D. Ferguson.

*J. T. Bottorff* and *S. M. Bradley,* for appellant.

*Mounts & Hopkins* and *Joe S. Gambill,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—Appellant was indebted to appellee for threshing his wheat and oats, and this suit was brought to recover the amount due, appellee at the same time suing out an attachment and causing it to be levied on the wheat. Appellant pleaded in reconvention, claiming damages on account of the careless and unskillful threshing of his crop which, as alleged, resulted in the loss of considerable grain. He further claimed damages for the wrongful suing out of the attachment, and because it had been levied on exempt property. Appellant admitted appellee's right to recover the amount sued for, as provided in rule 31, but the court denied him the right to open and conclude in adducing the evidence and in the argument, holding that he was also required to admit the truth of the grounds alleged in the affidavit for attachment.

To this ruling the first error is assigned and must be sustained. Parks v. Young, 75 Texas, 278. The attachment was a part of the action, but was no part of the cause of action, and appellant could only put the truth of the affidavit in issue by a plea in reconvention for damages. Therefore, appellee needed no admission from appellant so far as the attachment feature of his suit was concerned.

The court erred in refusing the charge quoted in the fifth assignment.

The court also erred in giving the charge quoted in the fourth assignment instead of following the language of the statute exempting provisions and forage on hand for home consumption.

For these errors the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*