### CHISM v. C. W. HALL MOTOR CO.
(No. 299.)

(Court of Civil Appeals of Texas. Waco. Dec. 3, 1925.)

1. **Attachment ⊜47(3)—Testimony showing intention of party to remove property from county or defeat creditors held competent.**

On issue whether attachment was proper on grounds alleged in affidavit, testimony of any declaration or admission of defendant tending to show his intention to remove property from county or defeat creditors is competent.

2. **Witnesses ⊜380(5) — Evidence by plaintiff in own behalf that witness had stated that defendant told him he was about to remove property held inadmissible.**

On issue of wrongful attachment, where witness called by plaintiff denied that he had stated that defendant had declared intention to remove property to defraud creditors, testimony of plaintiff in his own behalf that witness had so stated was inadmissible to discredit or impeach witness, or as original evidence.

3. **Witnesses ⊜380(5)—Rule as to impeachment of own witness stated.**

A party may introduce contradictory statements to impeach his own witness only when such witness has given affirmative testimony prejudicial to his case, and even then such testimony must be confined to contradiction of particular testimony of such witness which is injurious to party by whom called.

4. **Attachment ⊜357—Wrongful unless party is in fact about to remove property with intent to defraud creditors.**

An attachment on ground that defendant is about to remove property with intent to defraud creditors is wrongful, if defendant is not in fact about to remove his property with such intent, and cannot be justified on ground that attachment plaintiff was informed as to defendant's intention and believed such information.

5. **Appeal and error ⊜1050(2)—Attachment ⊜47(3) — Evidence ⊜317(15) — Attachment evidence by plaintiff in own behalf, that witness had stated that defendant told him he was about to remove property, held hearsay, immaterial, and prejudicial.**

Testimony by party suing out an attachment, that a witness had stated in his presence that defendant told him he was about to remove property to defraud creditors, is hearsay and immaterial as original evidence, and, in view of special charge that attachment would be lawful if party believed defendant was about to remove property, such testimony was prejudicial.

6. **Attachment ⊜380—Trial ⊜215—Charge that defendant to recover damages for wrongful attachment must show grounds in affidavit to be untrue, and that attachment is lawful if plaintiff believed defendant was about to commit acts alleged in affidavit, held improper.**

In attachment proceedings, charge that defendant, to recover damages for wrongful attachment, must show by preponderance of evidence that grounds stated in affidavit were untrue, and that attachment would be lawful if plaintiff believed defendant was about to remove property to defraud creditors, improperly stated the law, and is further objectionable as in nature of a general charge where case was submitted on special issues.

7. **Trial ⊜229—Where court instructed on burden of proof in main charge, further charge thereon unnecessary.**

Where court in main charge instructed jury that burden of proof was on defendant to prove cross-action by preponderance of testimony, further charge on burden of proof was unnecessary.

8. **Evidence ⊜181—Without proper predicate first laid, error to admit parol evidence of contents of slip showing defendant to be purchaser of merchandise.**

In suit for merchandise, where defendant claimed merchandise to have been sold to another, it was error to admit parol evidence of contents of a slip showing defendant to be purchaser of merchandise, without proper predicate first laid.

Appeal from Limestone County Court; H. F. Kirby, Judge.

Action by the C. W. Hall Motor Company against Toll C. Chism, in which defendant reconvened for damages for wrongful attachment. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Rennolds & Rennolds, of Mexia, for appellant.

Frank Bolton and O. F. Watkins, both of Mexia, for appellee.

GALLAGHER, C. J. C. W. Hall, doing business as the C. W. Hall Motor Company,

appellee herein, sued Toll C. Chism, appellant herein, to recover a balance alleged to be due on account for merchandise in the sum of $239.94. Appellee, at the same time, sued out a writ of attachment, and caused the same to be levied upon one motortruck as the property of appellant. Appellant, several weeks later, executed a replevy bond, and the truck was returned to him. Appellant admitted the account sued on except as to two items, one in the sum of $52 and another in the sum of $9.60, which amounts he denied owing. He claimed that the truck levied upon was used by him in lieu of a wagon and exempt from seizure and sale under the provisions of article 3832, Revised Statutes 1925. He also reconvened for actual damages in the sum of $350 alleged to be the value of the use of said truck while the same was held under said attachment.

The case was submitted to a jury on special issues, and a verdict returned in response thereto. Based thereon the court rendered a judgment for appellee against appellant and the sureties on his replevy bond in the sum of $187.94, with a foreclosure of attachment lien on said truck. Said judgment is presented for review by this appeal.

Appellant did not allege that the attachment in this case was sued out maliciously, nor that the same was sued out without probable cause. He did not sue for exemplary damages. Appellee alleged in his affidavit for attachment that appellant was about to remove his property, or a part thereof, out of the county where the suit was brought, with intent to defraud his creditors. The court submitted, and the jury answered the issue of wrongful attachment as follows:

"At the time of the institution of this suit and the levy of the writ of attachment, was the defendant, Toll C. Chism, about to remove his property, or a part thereof, out of Limestone county with intent to defraud his creditors? Answer: Yes."

On the trial of the case appellant testified affirmatively that said allegation in appellee's affidavit for attachment was untrue, and that at the time of the institution of this suit and the levy of the writ of attachment herein he did not have any intention of moving out of the county nor of sending said truck out of the county, and in that connection testified that he had lived in Limestone county for 25 years. Appellee then asked him on cross-examination if he did not have a conversation with one Brown, in which he stated to him that he intended to pay his debts in "fur," meaning that he was going to get so fur (far) away they never could find him. Appellant denied having made such statement. Appellee then called said Brown as a witness in his behalf, and asked him if appellant did not make to him the identical statement so denied. The witness answered that appellant did not make such statement,

and that he never at any time prior to the bringing of the suit told the witness that he was going to leave Limestone county, nor that he was going to attempt to defraud his creditors. Appellee then asked said witness whether at a certain time and place he had a conversation with appellee and his attorney, in which conversation he, the witness, told them that they had better watch Mr. Chism; that Chism was going to leave the county, and had said that he was going to pay his debts with "fur," meaning he was going so fur (far) away they could not find him. The court, over the objection of appellant, permitted the witness to answer the question, and witness did answer the same, denying that he had made such statement on the occasion inquired about. Thereupon appellee in his own behalf testified that he and his attorney had a conversation with the witness Brown at the time and place alleged, and that in said conversation Brown made to them the identical statement so denied by him. Appellee further testified that he believed the statement so made to him by said Brown, and that it was upon the same that he sued out the writ of attachment and had the same levied on appellant's truck. Said testimony of appellee was admitted by the court over the objection of appellant that the same was irrelevant, immaterial, and inadmissible, and not binding on appellant, that it was a statement made in a conversation between appellee and his attorney and said Brown in the absence of appellant, that it was hearsay, highly injurious, and prejudicial to the rights of appellant before the jury, and on the further ground that same was an attempt by appellee to contradict and impeach his own witness upon an immaterial issue.

[1-3] Testimony of any declaration or admission of appellant tending to show an intention on his part to leave the county, or to remove his property therefrom, or to defeat his creditors in the collection of his indebtedness to them, would have been competent evidence. If the witness Brown had testified that appellant did make the declaration so denied by him, such testimony would have been admissible as original evidence on the issue of whether the ground alleged in the affidavit for attachment really existed, and would have been also admissible as evidence tending to contradict, discredit, and impeach appellant on a material issue. Brown, however, denied having heard appellant make any such statement. Brown did not testify to anything injurious to appellee's case. He merely failed to testify in favor of appellee, as he was expected to do. A party may introduce testimony of contradictory statements made by his own witness, for the purpose of discrediting or impeaching him, only when such witness has given affirmative testimony prejudicial to his case. Even in such cases, however, the testimony

so admitted must be confined to contradiction of the particular testimony of such witness which is injurious to the party by whom he was called. 40 Cyc. pp. 2559–2560; Id., pp. 2696, 2697; 28 R. C. L. pp. 644–646, §§ 228 and 229; 24 Texas and Southwestern Dig., title "Witnesses," ⬤⟞321 and ⬤⟞380 (5). Appellee's testimony here considered was not admissible for the purpose of discrediting or impeaching his witness Brown. Neither was it admissible as original evidence.

[4, 5] If appellant was not in fact about to remove his property, or a part thereof, out of the county with intent to defraud his creditors, the attachment was wrongfully sued out. Appellee, as against appellant's claim for actual damages, could not justify his action in suing out such writ on the ground that he was informed that appellant was about to remove from the county or to remove his property therefrom with intent to defraud his creditors, and that he believed such information and acted thereon in suing out such attachment. He was justified in such action only in the event the ground so stated in his affidavit for such attachment was in fact true. Blum v. Strong, 71 Tex. 321, 325, 326, 6 S. W. 167; Christian v. Seeligson & Co., 63 Tex. 405, 406; Bear Bros. & Hirsh v. Marx & Kempner, 63 Tex. 298, 302; Woods v. Huffman, 64 Tex. 98, 100. As original evidence, appellee's said testimony was immaterial and hearsay and therefore incompetent. In view of the special charge given by the court at the request of appellee, said testimony was clearly prejudicial. The court erred in admitting the same, and such error requires the reversal of the judgment.

[6] Said requested charge so given by the court at the instance of appellee was as follows:

"You are instructed in this case that, in order for the defendant to be entitled to recover damages for wrongful attachment, he must establish by a preponderance of the evidence that the affidavit for said writ of attachment made by plaintiff at the time the same was made, under all the facts and circumstances, was untrue, and that damages resulted thereby; and in this connection you are further instructed that such writ of attachment would be lawful if the plaintiff at the time same was made believed the defendant, from all facts and circumstances, was about to commit the overt act alleged in the writ of (affidavit for) attachment." (Parenthesis ours.)

[7] The court in his main charge instructed the jury that the burden of proof was upon appellant to prove his cross-action by a preponderance of the testimony. Further charge on the burden of proof was unnecessary. It does not appear from the transcript in this case that the action of the court in giving said special charge was excepted to at the time, but in view of another trial, we are constrained to say that said charge embodies an incorrect proposition of law, and that the same is further objectionable as partaking of the nature of a general charge while this case was submitted on special issues.

[8] Appellant testified, with reference to the disputed item of $52 in the account sued on, that said charge was for merchandise sold by appellee to one Brown, and that credit therefor was extended to said Brown and not to him. Appellee, over the objection of appellant, was permitted to testify, with reference to such charge, that appellant, at the time he received said merchandise, signed a slip showing that he, appellant, was the purchaser thereof. While the jury apparently found in favor of appellant on this issue, in view of another trial we think it proper to say that, in our opinion, the court erred in admitting parol evidence of the contents of said slip on the predicate laid.

The other propositions presented by appellant for reversal complain of matters which will not necessarily arise upon another trial.

The judgment is reversed, and the cause is remanded.