## BARTLEY v. J. M. RADFORD GROCERY CO. (No. 3217.)

Court of Civil Appeals of Texas. Amarillo. Feb. 27, 1929.

Rehearing Denied March 20, 1929.

Lockhart, Garrard & Brown, of Lubbock, for appellant.

W. E. Lessing, of Abilene, for appellee.

HALL, C. J. The appellant, plaintiff below, sued the appellee grocery company, alleging: That in January, 1928, the company filed a suit in the justice court of Lynn county, against him, claiming an indebtedness of $162, and acting through its agent, it illegally and unjustly and without probable cause, and for the sole purpose of vexing, harassing, and oppressing plaintiff, made an affidavit to the effect that the plaintiff was about to dispose of his property with intent to defraud his creditors. That it procured the issuance of a writ of attachment, which was levied upon a bale of cotton belonging to the plaintiff of the reasonable market value of $75. That the affidavit stated facts which were false and untrue and known to be so to the company and its agent. That the property was taken without the consent and over the protest of plaintiff, and was afterwards appropriated by the grocery company to its own use and benefit. The prayer is for $75 actual damages and $1,000 exemplary damages.

Upon the trial, the plaintiff testified that at the time of the levy, he was not about to dispose of his property with intent to defraud his creditors. The court peremptorily instructed the jury to return a verdict for the grocery company, and judgment was entered in accordance with the verdict.

The case is presented here upon the sole proposition that, because the evidence raised the issue that the attachment was wrongfully sued out and was issued without probable cause and with malice, the court should have submitted the issue of want of probable cause and malice to the jury.

■■ This contention must be sustained. It is neither a defense nor a circumstance in mitigation of damages that the claim sued on was a just one if the ground for attachment did not exist, for the claim of the plaintiff in attachment may be just and yet the attachment may be wrongful and even maliciously wrongful. The law is settled in this state that where no ground for attachment existed and the grounds stated in the affidavit are untrue, the defendant in attachment is entitled to recover at least nominal damages. Bear Bros. v. Marx & Kempner, 63 Tex. 298; Woods v. Huffman, 64 Tex. 98; Blum v. Strong, 71 Tex. 321, 6 S. W. 167; Bell v. Fox, 37 Tex. Civ. App. 522, 84 S. W. 384; Loomis v. Stuart (Tex. Civ. App.) 24 S. W. 1078; Half v. Curtis, 68 Tex. 640, 5 S. W. 453.

The judgment is reversed, and the cause remanded.