**GOSSETT et al. v. JONES.**

No. 10660.

Court of Civil Appeals of Texas. Galveston.

Jan. 5, 1939.

Kennedy & Granberry, of Crockett, for appellants.

Aldrich & Crook, of Crockett, for appellee.

MONTEITH, Chief Justice.

This is an appeal from the district court of Houston County in an action brought by appellee, Charles C. Jones, for damages growing out of the levy of a writ of attachment on a stock of merchandise in a suit in which appellant, A. W. Gossett, was plaintiff and appellee was defendant.

The cause was submitted to a jury on special issues and judgment was rendered in response thereto against appellant, A. W. Gossett, and the sureties on his attachment bond, J. L. Hazlett and W. E. Keeland.

Appellee alleged a conspiracy by appellants to injure his business and that said writ had been issued maliciously and without probable cause. He sued for both actual and exemplary damages.

Appellants answered by numerous special demurrers and exceptions and by general denial.

The jury in answer to special issues found that the writ of attachment in question was caused to be *issued* by appellants without probable cause, and that appellee sustained actual damages as a result of the *issuance* (italics ours) in the sum of $1,267.61. No issue on exemplary damages was submitted and the jury were instructed that they must not consider testimony in reference to appellee's attorney's fees, or damages to his feelings, reputation or credit. The court refused to instruct the jury that no damages could be allowed for the loss of future profits in appellee's business.

■ The measure of damages for the wrongful attachment of merchandise is the value of the goods in bulk, or in convenient lots at the place at which they were seized on the day of the conversion, with interest on that value, and not the value they would bring if sold at retail, nor the value a purchaser would pay if compelled to take the entire stock together. Wallace v. Finberg, 46 Tex. 35; Blum v. Merchant, 58 Tex. 400; Tucker v. Hamlin, 60 Tex. 171; Miller v. Jannett, 63 Tex. 82; Heidenheimer v.

Schlett, 63 Tex. 394; Schoolher v. Hutchins, 66 Tex. 324, 1 S.W. 266; Needham Piano & Organ Co. v. Hollingsworth, 91 Tex. 49, 40 S.W. 787; 5 Tex.Jur., page 335, sec. 176.

■ ■ The only testimony in the record in reference to the value of the various articles constituting the stock of merchandise in question is that of appellee. While he testified that the value placed by him on said stock of merchandise was its market value, his testimony unquestionably discloses that he was testifying as to the retail market value of said merchandise. The admission of this testimony under the above authorities was error.

■ Appellants assign error in the action of the court in refusing to instruct the jury that they should not consider, for any purpose, the loss of profits in appellee's business. While the testimony of appellee in reference to his loss of profits was admissible under his allegations of conspiracy and his prayer for exemplary damages, the court, having determined not to submit an issue on exemplary damages, should have instructed the jury that they should not consider, for any purpose, appellee's testimony in reference to his loss of profits. Miller v. Jannett, 63 Tex. 82; Kirbs v. Provine, 78 Tex. 353, 14 S.W. 849; Kaufman & Runge v. Armstrong, 74 Tex. 65, 11 S.W. 1048.

■ In an action for wrongful attachment it is necessary that the grounds stated in the affidavit for attachment be actually shown not to exist before a party can be held liable for wrongfully suing out said writ. 5 Tex.Jur., page 273, sec. 213; Chism v. C. W. Hall Motor Co., Tex.Civ.App., 278 S.W. 350; Blum v. Strong, 71 Tex. 321, 6 S.W. 167; Bear Bros. v. Marx & Kempner, 63 Tex. 298; Comer v. Powell, Tex.Civ. App., 189 S.W. 88.

■ If a writ of attachment is issued and levied on the property of a defendant when the grounds upon which it is issued do not in fact exist, then the attachment is wrongfully sued out and the defendant is entitled to recover whatever damages he has sustained by the levy. If, however, the grounds on which the attachment was sued out did not exist but there was probable cause to believe that they did exist at the time said writ was sued out, then probable cause becomes important and defeats the right to recover other than actual damages. Bear Bros. v. Marx & Kempner, 63 Tex. 298; Christian v. Seeligson, 63 Tex. 405; Comer v. Powell, Tex.Civ.App., 189 S.W. 88;

726

Chism v. C. W. Hall Co., Tex.Civ.App., 278 S.W. 350.

Among other assignments, appellants assign error in the action of the court in excluding the testimony of appellant, A. W. Gossett, as to his reasons for causing said writ of attachment to issue; and in submitting to the jury an issue as to whether said writ was caused to be issued without probable cause. Under the above authorities, said testimony was admissible to prove whether or not the grounds on which said writ was based in fact existed. An issue inquiring as to these facts should first have been submitted to the jury and in the event of a finding by the jury that the grounds on which said writ of attachment was sued out did exist, then no issue as to whether said writ was caused to be issued without probable cause should have been submitted to the jury.

Error is assigned by appellants in the action of the court in submitting to the jury issues as to damages resulting from the *issuance* of said writ of attachment and not as a result of the damages sustained from the *levy* thereof. On timely objection by appellants and on the tender of issues based thereon said objections should have been sustained and issues should have been submitted based on the levy and not on the issuance of said writ. Cahn v. Bonnett, 62 Tex. 674; Johnson v. King, 64 Tex. 226; Lee v. Wilkins, 65 Tex. 295; Biering v. First National Bank of Galveston, 69 Tex. 599, 7 S.W. 90.

Appellants further assign error in the action of the court in failing to set aside the verdict of the jury on being apprised of the fact that one of the jurors who, although interrogated as to his relationship to appellee on preliminary examination, failed to disclose the fact that he was related to appellee within a prohibited degree under Art. 2134, R.S.1925, which provides that any person shall be disqualified as a juror if related by consanguinity or affinity within the third degree to a party to a suit. The record discloses that appellants called to the attention of the court the fact that the juror, Jim Arnold, was related to appellee within the above prohibited degree. These facts were fully set out in an affidavit attached to appellants' motion for a new trial. The record fails to disclose that appellants' counsel were negligent in failing to discover these facts, or that they failed to disclose them to the court immediately on making the discovery. Under the above

facts, appellants' motion presented good grounds for a new trial. 26 Tex.Jur., page 740, sec. 173; Stringfellow v. State, 42 Tex. Cr.R. 588, 61 S.W. 719; Texas & P. Ry. Co. v. Elliott, 22 Tex.Civ.App. 31, 54 S.W. 410.

Other assignments of error are raised by appellants and discussed by them in their briefs. Since, however, this cause must be reversed and remanded they will in all probability not arise upon a subsequent trial; it is accordingly deemed unnecessary to discuss them.

For the errors above pointed out, the judgment of the trial court is reversed and the cause is remanded for a new trial.

Reversed and remanded.