Houston & Texas Central Railroad Company v. Wm. Dotson and Wife.

Decided December 23, 1896.

1. **Carrier of Passengers—Degree of Care.**
The degree of care required of a carrier with reference to the movement of the train while a passenger is alighting from the cars at the end of the journey is such as very cautious, prudent and competent persons usually exercise under the same or similar circumstances.

2. **Carrier of Passengers—Suggestion to Alight.**
Calling the name of the station by defendant's employes was proper notice to passengers to alight from the train when it stopped at the station, and was sufficient to justify a charge on the care to be exercised by the passenger if attempting to alight on "suggestion of defendant's employes."

3. **Burden of Proof—When Charge Necessary.**
Where the charge given instructed the jury to decide the issues on the preponderance of testimony it was proper to refuse defendant's request to charge that the burden of proof was on plaintiff.   Such charge is not always necessary when the question is as to the weight of evidence.

4. **Injury to Passenger—Leaving Train—Charge Approved.**
See instructions in case of injury to a passenger by the jerking of the train as she was in the act of alighting, held to fairly submit the issues.

Appeal from the District Court of Travis County.   Tried below before Hon. F. G. Morris.

*Baker, Botts, Baker & Lovett* and *Frank Andrews,* for appellant.—
Negligence is the want of such care as an ordinarily prudent person would exercise under the same circumstances.   This definition applies

to all persons, natural and artificial, under all circumstances, and negligence under all circumstances is the want of such care as an ordinarily prudent person would have exercised under the same circumstances, and it is incompetent and error for the court to instruct the jury that it is the absence of that high degree of care, such as very competent, cautious and prudent persons would exercise, or any other degree except that which an ordinarily prudent person would have exercised under the same circumstances. Railway v. Smith, 87 Texas, 348; Railway v. Sein, 33 S. W. Rep., 559; Railway v. Finley, 79 Texas, 88; Garteiser v. Railway, 2 Texas Civ. App., 234; City of Austin v. Ritz, 72 Texas, 402; Railway v. Beatty, 73 Texas, 596; Railway v. Hodges, 76 Texas, 93; Railway v. Smith, 77 Texas, 181; Cotton Press Co. v. Bradley, 52 Texas, 599.

It is the duty of a railroad company to exercise such care as an ordinarily prudent person would exercise under the same circumstances, in regard to its passengers, and the degree of care is measured by the exigencies of the occasion, and while great care may be required, it is error for the court to instruct that the defendant must exercise that high degree of care which very prudent, cautious and competent persons usually exercise under the same or similar circumstances. Railway v. Hodges, 76 Texas, 93; Railway v. Finley, 79 Texas, 88.

It was error for the court in its fifth instruction to charge upon a state of facts upon which there is no evidence, even though such question was raised in the pleadings. There is no testimony that any of the defendant's employes warned Texana Dotson to alight, nor is there any testimony that she fell upon the ground and across ties. Railway v. Wisenor, 66 Texas, 174; Railway v. Faber, 63 Texas, 344; Railway v. Gilmore, 62 Texas, 391.

It was error for the court in its fifth charge to group certain facts and charge the jury that if the facts stated are true, the defendant would be guilty of negligence, unless the act or omission is expressly made negligence per se by statute. Collins v. Dillingham, 26 S. W. Rep., 87; Railway v. Kuehn, 2 Texas Civ. App., 217; Dawson v. Sparks, 1 U. C., 758; Railway v. Porfert, 72 Texas, 344; Railway v. Dyer, 76 Texas, 161; Railway v. Anderson, 76 Texas, 244; Mitchell v. Mitchell, 80 Texas, 112; Stooksberry v. Swan, 85 Texas, 573.

The fifth instruction also erroneously places upon the defendant the burden of exercising that high degree of care which very cautious, competent and prudent persons usually exercise. Railway v. Finley, 79 Texas, 88; City of Austin v. Ritz, 72 Texas, 402; Railway v. Hodges, 76 Texas, 93; Railway v. Smith, 87 Texas, 348.

The fifth charge assumed as true that the plaintiff, Texana Dotson, was injured, thereby leading the jury to believe that in the opinion of the court the injury had been proved, and is upon the weight of the evidence. Railway v. Pennell, 2 Texas Civ. App., 128; Johnson v. Railway, 2 Texas Civ. App., 141; Railway v. Nixon, 52 Texas, 26; Railway v. Echols, 7 Texas Civ. App., 433; Telegraph Co. v. Edsall, 63

Texas, 675; Sayles' Civ. Stats., art. 1317; Gay v. McGuffin, 9 Texas, 501; Golden v. Patterson, 56 Texas, 628; Ins. Co. v. Brown, 82 Texas, 634; Willis v. Hudson, 72 Texas, 608; Railway v. Christman, 65 Texas, 374.

It is error for the court to charge in reference to facts about which there is no testimony. The seventh instruction shows that the court charged upon the theory of the suggestion made by the defendant's employes for the plaintiff to alight, and instructed the jury to consider it as a circumstance in determining whether she was in the exercise of proper care. Railway v. Wisenor, 66 Texas, 174.

The same charge assumes as true that the plaintiff was injured, and is on the weight of the evidence. Same authority; also, Railway v. Brentford, 79 Texas, 625; Railway v. Kutac, 76 Texas, 478; Allen v. Pierson, 60 Texas, 606; Kirlicks v. Meyer, 84 Texas, 158.

The seventh charge imposes on the defendant a higher and greater degree of care than is required by law. See authorities first above cited.

The wife, during the marital relation, being neither a necessary nor proper party to the suit, was not entitled to recover. Receiver v. Harris, 4 Texas Civ. App., 640; Meyer v. Smith, 3 Texas Civ. App., 39; Railway v. Burnet, 61 Texas, 639; Tel. Co. v. Cooper, 71 Texas, 511; Railway v. Heim, 64 Texas, 147; Ezell v. Dodson, 60 Texas, 331; Gallagher v. Bowie, 66 Texas, 266.

It is elementary that the burden of proof is on the plaintiff to establish the material allegations of his petition by a fair preponderance of the testimony. Railway v. Overall, 82 Texas, 249; Railway v. Richards, 83 Texas, 208; Cattle Co. v. State, 80 Texas, 687.

The defendant was entitled to have the jury instructed that in considering their verdict, they could only consider those things alleged in the petition. Sanches v. Railway, 30 S. W. Rep., 431; Railway v. Arias, 30 S. W. Rep., 446.

The verdict of the jury and judgment rendered thereon are grossly excessive, and for a far greater amount than would reasonably compensate plaintiffs.

It is well settled in this State, that during the marital relations, only the husband is entitled to recover for injuries to the wife. Meyer v. Smith, 3 Texas Civ. App., 39; Railway v. Burnett, 61 Texas, 639; Tel. Co. v. Cooper, 71 Texas, 511; Railway v. Helm, 64 Texas, 147; Ezell v. Dodson, 60 Texas, 331; Gallagher v. Bowie, 66 Texas, 266.

Where the verdict of the jury and judgment rendered thereon are unsupported by the evidence, the judgment will not be permitted to stand.

*Sidon Harris*, for appellee. No briefs were on file.

COLLARD, Associate Justice.—This suit was brought by appellees, Wm. Dotson and his wife Texana Dotson, against the appellant

railroad company, alleging that Texana Dotson was a passenger on defendant's train from Austin to Manor; that the train arrived at Manor and stopped, after warning by employes in charge of the train for passengers to alight there; that after the train stopped she started to alight at the depot, and was about on the last or lower step and just in the act of stepping off on the ground, exercising due care and caution, when, by the negligence of the employes of defendant operating the train, it was suddenly and without warning violently jerked, which threw her to the ground and upon the ties of the railroad, without fault of plaintiff, and which bruised her chest, arms, and breast and seriously injured her internally, caused her to become very sick and to cough up and spit blood and to suffer great pain and distress, physically and mentally; that she was seriously and permanently injured and rendered unable to perform any labor of any kind; that before receiving such injuries she was never weak or sickly—was a skillful cook and housewoman and earned as much as $25 per month, and had reasonable expectation of continuing to be able to earn that amount per month, and would have done so for probably as long as thirty years but for such injuries; that her life expectancy is thirty years; that she has been suffering pain and sickness ever since said injury, and will continue to suffer as long as she lives; that by reason of the injuries she has been compelled to incur medical bills and attention to the amount of $100, and has been damaged in the amount of $10,000.

The defendant demurred to the petition and pleaded the general issue; that if plaintiff Texana Dotson was injured at the time and place as alleged, it was by her own negligence; that she negligently and imprudently alighted from the train; that the train came to a full stop and afforded her ample opportunity to safely disembark from the train, and whatever injury she received resulted from her own negligence; and, further, that she did not wait until the train stopped, but imprudently and negligently attempted to disembark from the train before it came to a full stop, and her injuries, if any, were caused by her own negligence, which proximately caused the same. It is also alleged that she knew the conditions, dangers and risks which existed and were incident to her disembarking from the train at the time and in the manner she attempted it, and assumed the risk of so disembarking, and therefore can not recover for any injuries resulting from the risks so assumed.

There were verdict and judgment for plaintiffs for $1250, from which this appeal is taken.

*Conclusions of Fact.*—Giving to the verdict the effect of solving in favor of plaintiffs disputed facts and conflicting testimony necessary to a recovery by plaintiffs, we find the facts as follows:

The plaintiff Texana Dotson, who was thirty-four years old, was a passenger on defendant's train from Austin to Manor, having paid her fare, as alleged in the petition.

When the train arrived at Manor one of the train-men announced the

station—"Manor." The train stopped. The plaintiff Texana Dotson started to get off the train. A lady and gentleman preceded her, and when she got to the bottom step and was getting off, the train was suddenly jerked a short distance, which threw her off to the ground between the car and the platform, her feet towards the rails and head towards the platform—as one of the witnesses expresses it, "kind of catawompus." She fell on some hard substance, injuring her breast and arms. When Manor was called out she took up a little basket she had with her and went forward to the car platform and proceeded to alight as stated. She was using due care, and was injured by the negligence of defendant's operatives in charge of the train in causing it to start with a sudden jerk, without fault on her part, injuring her as alleged.

Plaintiff's injuries were serious; she was sick from them for some time afterwards and had not recovered at the time of the trial. She spat blood just after the injury, and some days afterwards at another time. She has not been able to do hard work as before. Before her injuries she cooked and washed and assisted her husband on the farm, hoeing and picking cotton. She can still cook and wash a little, but not as before, and cannot work on the farm. She is more emaciated than before, and can not do the work she had done before.

*Opinion.*—Most of the errors assigned arise upon charges given and refused by the court, and therefore we think it best to copy all the charge given by the court. It is as follows:

"The plaintiffs, William Dotson and his wife Texana Dotson, sue the defendant railroad company for damages because of personal injuries alleged to have been received by the plaintiff Texana Dotson, without negligence on her part, while a passenger on defendant's passenger train on October 21, 1894, alleged to have been caused by the negligence of defendant's employes who were operating said train in suddenly and negligently moving the train without warning to said Texana Dotson, while she was attempting to alight from said train at Manor station, where said train had stopped after warning had been given to passengers on said train to alight at said station, whereby she was caused to fall with great force from the steps of the car on to the ground and ties of said railroad, greatly bruising her chest, arms and breast, and caused her to become very sick and to cough up and spit blood and to suffer great pain and distress, physically and mentally.

"Plaintiffs allege that said Texana Dotson was thereby seriously and permanently injured and rendered unable to perform any labor of any kind, to the damage of plaintiffs in the sum of ten thousand dollars, including damages in the sum of one hundred dollars for expenses of medical treatment.

"The defendant denies all the allegations of plaintiffs' petition, and pleads specially that if the plaintiff Texana Dotson was ever injured at the time and place alleged, she was injured by, through and on account of her own negligence, carelessness and imprudence, in that at the time

said train was pulling into said station the said Texana Dotson, being a passenger on said train, did not wait for said train to come to a full stop, as it did do at said station and as she knew it would do, but negligently, carelessly and imprudently attempted to disembark from said train before it had come to a full stop, which negligence on her part defendant alleges was the direct and proximate cause of the injuries she received, if any, wherefore defendant is not liable therefor.

"On the law of the case the jury are instructed:

"1.   Railroad companies are not insurers of their passengers and are not liable for injuries which their passengers may receive while being carried, unless the carrier is guilty of negligence which was the proximate cause of the injury received and the passenger was free from negligence which contributed proximately to the injury of which he complains.

"2.   Negligence, when applied to carriers of passengers, means the absence, in the performance of a duty imposed by law for the protection of others, of that high degree of care in acting or refraining from acting which very cautious, prudent and competent persons usually exercise under the same or similar circumstances.

"3.   Negligence of a passenger means the absence of that high degree of care to avoid injury to his or her person while traveling on a train or alighting therefrom which very cautious and prudent persons usually exercise under the same or similar circumstances.   .

"4.   It was the duty of the railroad company to use that high degree of care to avoid injury to the plaintiff Texana Dotson when she was about to alight from its train at Manor on the occasion in question which very prudent, cautious and competent persons usually exercise under the same or similar circumstances as those then existing.   It is a question of fact for the jury to determine whether the defendant's employes were guilty of the acts of which plaintiffs complain and whether such acts show that said employes failed to use the degree of care above defined or not.

"5.   If the jury believe from the evidence that defendant's employes, after having stopped its train at Manor station on the occasion in question and after having warned passengers to alight and while the plaintiff Texana Dotson was in the act of alighting, caused the train to jerk and throw her on the ground and cross-ties, and that such acts amounted to a failure on the part of defendant's employes to use that high degree of care which very cautious and prudent and competent persons usually exercise under the same or similar circumstances to those existing at that time, and that such want of care was the direct and proximate cause of injury to the person of the plaintiff Texana Dotson, which caused her physical pain or physical and mental pain, you will return a verdict for the plaintiff, unless you further believe from the evidence that the plaintiff Texana Dotson, on the occasion in question, failed to use that high degree of care to avoid injury which very prudent and cautious persons usually exercise under the same or similar circumstances to those exist-

ing on this occasion, and that such failure to use such care contributed directly and proximately to the injury of said plaintiff, in which event you will return a verdict for the defendant, notwithstanding the defendant's employes may have also been guilty of negligence which contributed directly and proximately to the injury of said plaintiff.

"6.   If the jury do not believe from the evidence that the defendant's employes were guilty of negligence as hereinbefore defined in the particulars specified and charged as acts of negligence in plaintiffs' petition, or if plaintiffs were guilty of such negligence, if you do not find that plaintiff Texana Dotson received any such injuries as she complains of or that such injuries, if received, were not caused by such negligence, if any, on the part of defendant's employes, you will return a verdict for the defendant.

"7.   If the jury believe from the evidence that the plaintiff Texana Dotson attempted to get off the train at Manor station while the train was moving, with or without a suggestion from defendant's employes for passengers to then alight at Manor station, the jury will determine from all the evidence as to the circumstances and conditions existing at the time whether so alighting was an act which very cautious and prudent persons would or would not usually attempt under such or similar circumstances; the suggestion of defendant's employes, if any, for her to alight not alone justifying her in alighting, but being a circumstance to be considered with all the other evidence to determine whether she was in the exercise of such care as above stated in attempting to alight from the train when she did.   If upon the whole evidence you find that plaintiff Texana Dotson, in attempting to alight from the train when and in the manner that she attempted to alight, did not observe that degree of care which very prudent and cautious persons usually exercise under the same or similar circumstances to those then existing, and that such want of care, either in the particulars alleged by defendant or in any other particulars (as plaintiffs plead that the injury occurred without negligence on the part of Texana Dotson), and that such want of care was the proximate cause or contributed directly to the injury, if any, that she received, you will return a verdict for the defendant.

"8.   If the jury find for the plaintiffs they will assess the damages at such amount as they may find will fairly compensate for the physical pain, if any, and mental pain, if any, suffered by the plaintiff Texana Dotson as a result of said injuries, and for what they may find she will probably suffer hereafter, if any, on account of such injuries; for the value of her services, if any, heretofore lost or which may be lost hereafter, if any, because of her injuries of the kind the loss of which is complained of in the plaintiffs' petition; taking into consideration the extent of her injuries, if any, and their probable duration and whether permanent or not, and for such expenses of medical treatment as may have been reasonably incurred by her husband on account of such injuries.

"9.   You will decide all issues submitted to you in this charge  by a preponderance of the evidence.

"10.   The jury are the exclusive judges of the credibility of the witnesses, of the weight to be given to the evidence, and of the facts proved."

It will be noticed that the court, in the definition of negligence, and in other parts of the charge, imposed upon defendant that high degree of care for the protection of its passengers "which very cautious, prudent and competent persons usually exercise under the same or similar circumstances."

Appellant contends that such care is not required of carriers of passengers by railroads, and that the court should have given requested instructions imposing only ordinary care upon the company and similar care on the part of plaintiff.

The law as stated by the lower court is the law of the case.   Such care is unquestionably required of the carrier when a passenger is alighting from the cars at the end of the journey.   The passenger must then rely wholly upon the carrier to exercise such care in the performance of its duties.   Railway v. Miller, 79 Texas, 78; Railway v. Finley, 79 Texas, 88; Railway v. Bucher, 83 Texas, 316; Conwill v. Railway, 85 Texas, 101; Railway v. Welch, 86 Texas, 203.

It is insisted by appellant that the court erred in instructing the jury (the seventh paragraph of the charge) as to suggestion of defendant's employes to plaintiff to alight, because there was no evidence upon the point.

There was testimony that the station was called.   This was a proper notice by the company's servants to passengers bound for the station to alight from the train when it stopped at the station.   There was no error in the charge, as stated in the assignment.

The court refused a special charge requested by defendant, to the effect that the burden of proof was upon plaintiffs to establish "from a fair preponderance of the testimony that plaintiff Texana Dotson was injured at the time and place and substantially in the manner alleged in the petition."

The court instructed the jury to decide all the issues submitted to them in the charge by the preponderance of the evidence.

The charge of the court and the refusal of the requested charge are in accord with a number of decisions of the Supreme Court of this State. It is not always necessary, even when requested, to instruct the jury as to the burden of proof.   It is often, as in this case, only a question of the weight of evidence.   Stooksbury v. Swan, 85 Texas, 566; Blum v. Strong, 71 Texas, 324; Railway v. Taylor, 79 Texas, 114; Railway v. Geiger, 79 Texas, 21; Tel. Co. v. Bennett, 1 Texas Civ. App., 561; Reynolds v. Weinman, 33 S. W. Rep., 302.

The court's charge submitted fairly the issues to be affirmatively found by the jury under the evidence as a prerequisite to a recovery, and we do not think the requested charge was necessary.

The testimony supports the verdict, and it was not .excessive, and there was no error in rendering the judgment upon the verdict.

We find no reversible error as assigned, and the judgment is affirmed.

*Affirmed.*