R. H. KIRBY ET AL. v. C. F. ESTELL ET AL.

Decided June 16, 1900.

1. **Land Certificate—Location—Ratification and Estoppel.**

Locations of land under a land certificate made by one purporting to be agent for the owners are not ratified by their action in transferring the certificate where they did not know of the locations, and such action will therefore not estop them or their assignee from asserting claim to other lands afterwards located by virtue of the certificate.

2. **Charge of Court—Burden of Proof.**

It is not always necessary, even where requested, to instruct the jury as to the burden of proof, and a refusal to do so is not error where, under the charge given, there was no necessity for a special charge on that point.

APPEAL from Tarrant. Tried below before Hon. W. D. HARRIS.

*Hogg & Robertson, T. F. Harwood, R. L. Carlock,* and *S. W. Stewart,* for appellants.

*Wynne, McCart & Bowlin,* for appellees.

STEPHENS, ASSOCIATE JUSTICE.—The history of this litigation is sufficiently given in the introductory statement of appellants' brief, showing that six opinions have already been written in the case,—three by the Supreme Court and three by this court. 75 Texas, 484; 78 Texas, 426; 89 Texas, 264; 39 S. W. Rep., 592; 48 S. W. Rep., 8. We proceed at once, therefore, to briefly state our conclusions upon the material issues involved in this appeal.

The following are the grounds, and only grounds, of objection to the verdict, as set forth in the tenth assignment of error: That "there was no evidence to support a finding (1) that the heirs of James Riley did not intend to convey one-half of the locations in Red River County to William Jernigan; (2) that Jernigan, in accepting the said conveyance, did not intend to acquire the said interest; (3) that Jernigan did not intend, by his deed to J. P. Smith, to convey to Smith the said interest in said lands; and (4) that Jernigan did not intend to locate more than one-half of the certificate in Tarrant County."

*Conclusions of Fact.*—1. The evidence tended to show, and warranted the jury in finding, that the Riley heirs were ignorant of the locations in Red River County when they conveyed to Jernigan all their interest in the headright certificate of their father and released and renounced all title or claim to the land located or to be located by virtue of said certificate; but it also tended without conflict to show, and required a finding, that the Riley heirs intended by the conveyance to Jernigan to divest themselves of all right, title, and interest in the certificate, and of whatever interest they might have in any lands located or to be located by virtue thereof, and to invest the same in Jernigan.

2. The evidence further tended without conflict to show, and required a finding, that in accepting the conveyance of the Riley heirs Jernigan intended to acquire whatever rights the Riley heirs had in or under the certificate. He died before the institution of this suit, and hence did not testify, but the evidence showed that he had prepared the deed for the Riley heirs to execute after receiving notice that some sort of location under the certificate had been made in Red River County. The evidence, however, warranted the jury in finding that he had notice of only a void location, and had no notice of any valid location in Red River County.

3. The evidence showed that Jernigan conveyed to Smith all that had been conveyed to him by the Riley heirs, and there was no evidence that he intended to convey less, but the evidence tended to show, and warranted the jury in finding, that both Jernigan and Smith were ignorant of any valid locations in Red River County.

4. The evidence tended to show, and warranted the jury in finding, that Jernigan did not intend to locate more than one half of the certificate in Tarrant County, but there was circumstantial evidence to the contrary, and that he intended through Smith, who acted as his agent, to make this location for himself, to the exclusion of other joint owners.

*Conclusions of Law.*—Accepting as the law of this case the opinion of Justice Brown when the case was last before the Supreme Court, we are constrained to hold that controlling effect should be given to the finding that the Riley heirs did not know of the locations in Red River County when they executed the transfer under which the appellees deraign title, in connection with the further finding that the land in controversy was located for Jernigan alone. Such is our understanding of the following quotation from the opinion: "If the Riley heirs knew of the locations, and intended by their transfer to adopt them, and to convey this land to Jernigan, it might work an estoppel upon them and their assignee. If, however, they did not know of the locations and surveys at the time they made the transfer, then it could not be held a ratification. Otherwise, one could be said to ratify that which he did not know to have been done, and to convey that which he did not know to exist. The question of ratification is one of fact for the jury. If the surveys in Red River County were made by authority of, and for the benefit of, the owners of the certificate, or, if made without authority of the Riley heirs and ratified by them, with such knowledge as would bind them, then Jernigan, as their assignee, had not the right to appropriate the unlocated balance of the certificate to himself exclusively, but the survey made would inure to the benefit of all the joint owners. If, however, under the principles of law announced above, the Riley heirs, at the time of their transfer, had the legal right to locate their half of the certificate for themselves, this right vested in Jernigan by the transfer; and if the evidence shows that Smith,

as agent for Jernigan, did locate the land in controversy for Jernigan alone, intending at the time to appropriate thereby Jernigan's half of the certificate, and not to locate for the other owner of the certificate, this location would vest title to the land in Jernigan alone, to the exclusion of plaintiffs." Smith v. Estell, 89 Texas, 264, 271.

Error is assigned to the court's refusal to give a special instruction requested by appellants on the burden of proof, and it is by no means clear to us that this request should not have been granted; but we have finally concluded that the assignment should be overruled. As was said by the Court of Civil Appeals for the Third District in Railway v. Dotson, 15 Texas Civil Appeals, 73, "it is not always necessary, even when requested, to instruct the jury as to the burden of proof." In support of this view, see Stooksberry v. Swan, 85 Texas, 566; Blum v. Strong, 71 Texas, 324, and several other cases in line with these. It must be admitted, however, that there is some confusinon in the decisions on this question.

The court's charge in this case was a long one, and taken altogether we think the jury must have understood from it that appellants were entitled to one half the land in dispute, unless the evidence showed it had been located for the exclusive benefit of Jernigan under circumstances warranting him in thus making a separate location of one half of the certificate. If so, there was no necessity for a special charge on the burden of proof. In the eighth paragraph of the charge, for instance, the court instructed the jury that the heirs of William K. Revere had "conveyed their one-half interest in the certificate and in the lands which had been located" to the appellants, and that appellants were then the "owners thereof." The next two paragraphs were to the effect that while Jernigan took a deed from the Riley heirs which was sufficient to convey to him their interest in the Red River locations (and thus prevent him from making a separate location in Tarrant County), the effect of that conveyance in this respect was made to depend upon the knowledge and intention of the Riley heirs and Jernigan with reference to said prior locations. The jury therefore doubtless understood that appellants were entitled to recover, unless defeated by the facts relied on by appellees to show that the deed from the Riley heirs did not, as it purported to do, bind Jernigan to accept an interest in the Red River locations.

We find no merit in the remaining assignments, and the judgment is affirmed.

*Affirmed.*

HUNTER, Associate Justice, being disqualified, did not sit in this case. Writ of error refused.