GULF, C. & S. F. RY. CO. v. BUSH & WITHERSPOON CO. et al.†

(Court of Civil Appeals of Texas. March 15, 1911. Rehearing Denied April 12, 1911.)

1. CARRIERS (§ 187*)—FREIGHT—ACTION FOR LOSS — REQUESTED INSTRUCTION — BURDEN OF PROOF — DELIVERY TO CONNECTING CARRIER.

In an action for the value of cotton shipped over appellant's connecting roads, the initial carrier admitted receipt of the cotton and claimed delivery to the connecting line, and prayed recovery over for any amount it was compelled to pay. The connecting carrier requested a charge that as between it and the initial carrier the burden was upon the latter to prove delivery of the cotton to the connecting carrier. The court charged that, if the initial carrier made such delivery, it could recover against the connecting carrier the reasonable value of the cotton delivered, but if it was not delivered, or only a part was delivered, the jury should find for the connecting carrier against the initial carrier the value of such part as was not so delivered. *Held*, under the rule that a charge is sufficient without charging upon the burden of proof, if it sufficiently indicates the questions of fact to be found, that the requested charge was, properly refused; the charge given sufficiently presenting the issue of the delivery of the cotton and the resulting liability of appellant.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 187.*]

2. CARRIERS (§ 187*)—FREIGHT—CONNECTING CARRIERS—BURDEN OF PROOF.

Where, as between the connecting and initial carriers, the evidence tended to show that the connecting carrier received and receipted for the freight so as to require it to show nonreceipt in order to recover as against the initial carrier, it would be error to charge that the burden was upon the initial carrier to show delivery.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 187.*]

Appeal from District Court, McLennan County; Marshall Surratt, Judge.

Action by Bush & Witherspoon Company against the Gulf, Colorado & Santa Fé Rail-

way Company and the Ft. Worth & Rio Grande Railway Company, in which each defendant asks judgment over against its codefendant in case of an adverse judgment. Judgment for plaintiff against both defendants, and for the Ft. Worth Company against the Santa Fé Company, and the latter appeals. Affirmed.

Terry, Cavin & Mills and A. H. Culwell, for appellant. Andrews, Ball & Streetman and Waller S. Baker, for appellees.

RICE, J. This suit was brought by Bush & Witherspoon Company against appellant and the Ft. Worth & Rio Grande Railway Company, to recover the value of 62 bales of cotton shipped over the lines of said companies to its order at Galveston, Tex., alleging that said companies were connecting lines, and that said cotton was shipped on a through bill of lading.

The defendant the Ft. Worth & Rio Grande Railway Company answered, admitting receipt of said cotton, but alleged that it had delivered the same to its codefendant in due course of business, and that if said last-named company had not delivered same to plaintiff, then it had converted same to its own use, praying that in the event it should be adjudged to pay therefor that it have judgment in its favor over against the Gulf, Colorado & Santa Fé Railway Company for whatever sum it might be so held to pay. The latter company answered, denying its liability, alleging that it never received said cotton from its codefendant the Ft. Worth & Rio Grande Railway Company; but that if plaintiffs should recover against it, then it prayed for a judgment over against the Ft. Worth & Rio Grande Railway Company for whatever sum may be so adjudged against it. There was a jury trial, resulting in verdict and judgment in favor of plaintiff against both companies for the sum of $4,-312.10, and in favor of the Ft. Worth & Rio Grande Railway Company against the Gulf, Colorado & Santa Fé for $2,990.65, and in favor of the latter company against the Ft. Worth & Rio Grande Railway Company for the sum of $1,324.45, from which judgment the Gulf, Colorado & Santa Fé Railway Company alone has appealed, urging, first, error in the refusal of the court to give its special charge, to the effect that as to the liability between the two defendants the burden of proof was upon the Ft. Worth & Rio Grande Railway Company to show that it delivered the cotton in question to its codefendant the Gulf, Colorado & Santa Fé Railway Company.

[1] The only issue submitted to the jury was with reference to the respective liabilities of the two defendants to each other. Upon this subject the court charged the jury, in effect, that, if the Ft. Worth & Rio Grande Rail-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

† Writ of error denied by Supreme Court.

way Company delivered to the Gulf, Colorado & Santa Fé the cotton in question for shipment to Galveston, it would be entitled to recover against said company the reasonable value of such cotton so delivered; but that if they believed the 62. bales of cotton were not delivered by the Ft. Worth & Rio Grande Railway Company to the Gulf, Colorado & Santa Fé Railway Company, or if only a portion thereof was delivered by the Ft. Worth & Rio Grande Railway Company to the Gulf, Colorado & Santa Fé Railway Company, then they would find for the Gulf, Colorado & Santa Fé Railway Company against the Ft. Worth & Rio Grande Railway Company the value of such portion of said cotton, if any, as they might find was not delivered by the Ft. Worth & Rio Grande Railway Company to the Gulf, Colorado & Santa Fé Railway Company. So that the issue as to whether or not the cotton in question, or any part thereof, was in fact delivered by the Ft. Worth & Rio Grande Railway Company to the Gulf, Colorado & Santa Fé Railway Company, and the consequent liability of appellant, dependent thereon, was clearly and pertinently presented to the jury. This being true, the law seems to be that it was not essential, and therefore not error, to refuse to give the requested special charge on the subject of the burden of proof. See Houston & T. C. Ry. Co. v. Dotson, 15 Tex. Civ. App. 80, 38 S. W. 642; Stooksbury v. Swan, 85 Tex. 566, 22 S. W. 963; Blum v. Strong, 71 Tex. 324, 6 S. W. 167; Railway v. Taylor, 79 Tex. 114, 14 S. W. 918, 23 Am. St. Rep. 316; Kirby v. Estell, 24 Tex. Civ. App. 108, 58 S. W. 254; Britt v. Burghart, 16 Tex. Civ. App. 82, 41 S. W. 389; Davis v. Davis, 20 Tex. Civ. App. 313, 49 S. W. 726. See, also, vol. 3, Rose's Notes, p. 1011, and authorities there noted, to the effect that a charge is sufficient, if it indicates the questions of fact to be found, without charging upon the burden of proof.

[2] There was evidence in the record showing and tending to show that the Gulf, Colorado & Santa Fé Railway Company had received and receipted for said cotton from the Ft. Worth & Rio Grande Railway Company, which made a prima facie case in favor of the latter company. This being true, before the former company could recover, it was necessary for it to show that it had not in fact received said cotton, and thereby discharge the burden cast upon it by the prima facie case so made. So that it seems to us it would have been error on the part of the court in this state of the proof to have given the special charge as requested. See Texas Express Co. v. Dupree and Pacific Express Co., 2 Willson, Civ. Cas. Ct. App. § 321a.

The remaining assignments question the sufficiency of the proof to sustain the verdict. We are not inclined, however, to disturb the verdict on this ground; and, finding

no error in the proceedings of the trial court, its judgment is affirmed.

Affirmed.