**FARMERS' & MERCHANTS' STATE BANK & TRUST CO. et al. v. COLE et al. (No. 1078.)**

(Court of Civil Appeals of Texas. El Paso. March 11, 1920. On Motion for Rehearing, April 8, 1920.)

1. **Covenants** ⊂⊃130(5)—**Damages for breach of warranty on failure of title to part of tract.**

Where title to part of the premises failed, the liability of the grantor under warranty of title would be such proportion to the whole purchase price paid as the value of the premises to which title failed bears to the value of the entire property estimated at the price paid.

2. **Appeal and error** ⊂⊃1062(2)—**Refusal of request for special findings not error where jury's answers determine issues.**

In an action for breach of covenant of warranty, where title to 200 acres of the 480-acre tract conveyed to plaintiffs failed, refusal of issue requested by defendants submitting the question of what proportion in value lands lost bear to the whole parcel conveyed was not error, the answers of the jury to other issues showing that the land was of unequal value, and that the parcel to which title failed was worth $3,500, and that the whole was worth only $4,800.

3. **Appeal and error** ⊂⊃1066—**Error in charge on burden of proof as to value harmless in view of issues.**

In an action for breach of covenant of warranty, where there was practically no contest as to the value of the land, etc., an erroneous charge of the court on burden of proof as to such matters *held* not prejudicial.

4. **Banks and banking** ⊂⊃67—**Bank which took over assets of another bank held not bona fide purchaser of vendor's lien notes.**

Where, after a bank conveyed a large parcel of land for urban property and received vendor's lien notes for the difference, its assets were taken over by a second bank, and thereafter title to part of the land failed, *held*, that the second bank could not under the agreement, etc., be deemed a bona fide purchaser of the notes, but must be deemed to have held them for the benefit of the creditors, etc., of the first bank.

On Motion for Rehearing.

5. **Appeal and error** ⊂⊃1056(1)—**Exclusion of evidence held harmless error.**

Where a bank which acquired the assets of second bank and undertook to liquidate its affairs was not a bona fide purchaser of vendor's lien notes payable to the second bank, *held*, that the exclusion of evidence to show that the first bank acquired the right to foreclose on the notes by reason of its purchase of the assets of the second at foreclosure sale, etc., was not reversible error.

Appeal from District Court, Nolan County; W. W. Beall, Judge.

---

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Action by Mary H. Cole and others against the Farmers' & Merchants' State Bank & Trust Company and another. From a judgment for plaintiffs, defendants appeal. Affirmed.

Ed. J. Hamner, of Sweetwater, for appellants.

J. H. Beall & Son, of Sweetwater, for appellees.

WALTHALL, J. This is the second appeal of this case. The first appeal and the issues then presented are fully reported in 195 S. W. 949, to which we refer for a more extended statement than we here give.

In November, 1911, appellees owned a town lot in Sweetwater, Nolan county, which they valued at $3,500, and the Farmers' & Merchants' State Bank & Trust Company, hereinafter called the F. & M. Bank, owned 480 acres of land in Nolan county, which the bank valued at $4,800. An exchange of said properties was made by the owners of the two properties on the basis of the values stated, appellees executing their ten promissory vendor lien notes, each in the sum of $130, for the difference in the values of the two properties. The first of said notes was made payable on January 1, 1913, and one of said notes becoming due each year thereafter to the maturity of said notes. The title to 200 acres of said land failed. In the meantime the F. & M. Bank went into liquidation; the Continental State Bank taking over its assets under a contract on terms hereinafter stated. This suit is brought by the appellees against the two banks growing out of the matters stated.

By their third amended original petition, on which trial was had, appellees sought recovery: First, against both banks canceling the nine unpaid vendor lien notes; second recovery against the F. & M. Bank for the sum of $3,600, the alleged value of the land to which title failed; third, recovery against the F. & M. Bank for the sum of $208, that amount being the first note of the series of ten notes paid with interest thereon and the interest paid on the nine remaining unpaid notes. Should appellees for any reason not be entitled to recover as above, in that event appellees seek recovery against the F. & M. Bank rescinding the entire transaction or deal in which appellees purchased the 480 acres of land from the F. & M. Bank, ask a cancellation of the unpaid nine vendor lien notes, and, should it appear that the F. & M. Bank could not reconvey the lot given in exchange for the 480 acres of land, then appellees seek to recover judgment against the F. & M. Bank for the value of the said lot, alleging its value to be $3,500, the amount paid in discharge of the first note, and all interest paid, as above. Appellees tendered a deed reconveying title to said land and ask that they be decreed a lien in the 280 acres

to which title had not failed, and that said lien be foreclosed to satisfy whatever judgment appellees might be entitled to. Appellees also sought to recover the value of certain expenses incurred in the way of improvements placed on said 200 acres prior to the failure of the title, but the trial court refused to allow same, and, no cross-assignment appearing in the record, same will not hereafter be referred to.

Appellant, F. & M. Bank, answered by various exceptions and general denial. The Continental State Bank answered, adopting the exceptions of the F. & M. Bank, and further answered by general denial and special answer to the effect that on November 11, 1911, it was the purchaser for value and without notice of any of the matters and things charged in the petition, and by its cross-action suing over on nine of the said notes and for foreclosure of the vendor's lien. The trial court overruled all of appellants' exceptions. On a trial before a jury on special issues and verdict judgment was rendered against the F. & M. Bank for $2,408, the unpaid nine remaining notes were canceled, and that the Continental State Bank take nothing by its cross-action. Both banks appeal.

On the issues submitted the jury found:

First. The reasonable market value of the 200 acres of land lost to appellees, at the time the F. & M. Bank conveyed to appellees in November, 1911, was $17.50 per acre, or $3,500.

Second (a). The reasonable market value of the town lot in Sweetwater, when conveyed to the F. & M. Bank, was $3,500.

Second (b). The actual consideration paid by appellees to the F. & M. Bank for the 480 acres of land was $4,800.

Second (c). Taking into consideration what the jury finds to be the reasonable market value of the 200 acres of land lost to appellees at the time same was conveyed to them, the proportion in value the 200 acres bears to the actual consideration as found paid by appellees to the F. & M. Bank for the 480 acres was $3,500.

Third. In the loss of the 200 acres the consideration paid and agreed to be paid therefor by appellees to the F. & M. Bank failed to an extent.

Fourth. The consideration referred to in question No. 3 paid and agreed to be paid by appellees to the F. & M. Bank failed to the extent of $3,500.

Fifth. Appellees paid to the F. & M. Bank upon the ten notes given in part for the 480 acres the sum of $208.

Sixth. The $208, as above, was paid prior to the failure of title to the 200 acres.

Seventh. The Continental State Bank was organized in whole or in part for the purpose of taking over the assets of the F. & M. Bank, including its cash, notes, and other

properties, and liquidating the F. & M. Bank.

Eighth. The Continental State Bank upon its organization took over all of the cash, notes, bills receivable, and other properties of the F. & M. Bank in trust, and administered the same in liquidation of the F. & M. Bank.

[1, 2] Appellants requested the court to submit the following issue to the jury:

"What proportion in value did the 200 acres of land lost to plaintiffs bear in proportion to the price of the whole of the 480 acres of the land conveyed to the plaintiffs?"

The refusal of the court to submit the issue is made the ground of the first and second assignments of error. The proposition is that the measure of damages in this case is the proportionate value of the 200 acres at the time of the conveyance, valuing the whole tract at the sum of the vendor lien notes given, added to the reasonable market value of the lot exchanged. The jury had found the market value of the 200 acres conveyed to be $3,500. They had also found the market value of the lot given in exchange for the 480 acres to be $3,500. The balance of the consideration paid by appellees for the 480 acres was the notes, $1,300, making the full consideration paid to be $4,800. The F. & M. Bank had sold the lot and could not reconvey. The land was not of uniform value.

In answer to the third subdivision of special issue No. 2 (c), the jury found that $3,500 was the proportion in value the 200 acres of land lost to appellees bears to the actual consideration appellees paid the F. & M. Bank for the 480 acres. The liability of the F. & M. Bank under its warranty of title would be such proportion to the whole purchase price paid as the value of the 200 acres bears to the value of the 480 acres, estimated at the price paid.

Hynes v. Packard, 92 Tex. 49, 45 S. W. 562, and cases cited. No evidence is found in the record to show that the 480 acres of land was worth more or less than $4,800, the value expressed in the deed. We think, from the findings and the evidence heard, the court could determine the amount appellees were entitled to have deducted from the price paid on account of the failure of title to the 200 acres.

We do not concur in appellant's statement of the record condition of the evidence on the values of the two properties exchanged. The evidence is sufficient, in our opinion, to sustain the jury's findings as to the value of the lot given in exchange for the 480 acres, the value of the 480 acres as a whole, and also the proportionate values of the 200 acres and the remaining 280 acres. Appellants' assignments calling in question the sufficiency of the evidence as to values of the properties exchanged are overruled.

[3] Appellant assigns error on the charge of the court as to the burden of the proof on subdivisions (a) and (b) under issue 2. As said by our Supreme Court in Houston & Texas Central Ry. Co. v. Cowser and Wife, 57 Tex. 293, as a general rule in civil cases, the burden of proof of any particular issue, unless expressly assumed by the other party, devolves upon the one who asserts and relies upon it. Practically the question often becomes rather one of the weight or preponderance of the evidence than technically one of burden of proof. In this case the court's charge put the burden of the proof upon appellants on what was the market value of the lot given in exchange by appellees, and the consideration paid by appellees for the 480 acres of land. As said by appellant under the ninth assignment, there was no controversy as to the actual consideration paid, a town lot and ten notes. Under the real contested issues and the evidence offered by both parties we do not think there was such error as would demand a reversal of the judgment on this ground. Blum v. Strong, 71 Tex. 321, 6 S. W. 167; Houston & Texas Central Ry. Co. v. Dotson, 15 Tex. Civ. App. 73, 38 S. W. 642; First National Bank v. Todd, 212 S. W. 219.

[4] There is no merit in the assignment improperly numbered 26. The only other assignment which we think required a discussion is numbered 25 in the brief. Under the jury's findings 7 and 8, the court rendered judgment that the Continental State Bank take nothing and canceled the nine unpaid notes. It is the insistence of the bank that it acquired the notes under a contract constituting a mortgage of said notes to secure an indebtedness for money advanced by the bank to pay off the creditors of the F. & M. Bank, that said notes were acquired before maturity, and without notice of any equities, and that the court should have instructed a verdict and rendered judgment in the bank's favor on the notes. The proceedings offered in evidence are too lengthy to reproduce here. They constitute the proceedings, matters, and things done by the two banks in effecting a liquidation of the F. & M. Bank, and a taking over by the Continental State Bank of the assets of the F. & M. Bank under a contract between the two banks to the effect that the F. & M. Bank sells, transfers, and conveys to the Continental State Bank all of its personal assets, and agreeing to convey to it its real estate, the Continental State Bank agreeing to become liable to the creditors of the F. & M. Bank for the indebtedness it assumes under the contract. The Continental State Bank, under the contract, receives all the assets, including the notes involved in this controversy, and holds same as its security and is by the terms of the contract authorized to collect same by suit or otherwise and receive the proceeds and give receipts and

releases. The sale and delivery of the assets is made for the purpose of securing the Continental State Bank in its assumption of the indebtedness provided. For services rendered the Continental State Bank was to receive, after paying all expenses, 20 per cent. out of the net proceeds when and as collected, including sales of real estate and a commission of 20 per cent. on vendor lien notes, and the net balance credited upon the indebtedness of the F. & M. Bank. The contract further provides that, whenever the Continental State Bank shall have collected and received a sufficient amount of money out of the net assets to pay the indebtedness due it by the F. & M. Bank with interest, the Continental State Bank was to deliver to the F. & M. Bank all of the uncollected assets, but, if any vendor's lien notes remained unpaid, the Continental State Bank was to retain any interest it might have in such vendor's lien notes already contracted to be paid to the Continental State Bank as commissioners for sales. If, at the expiration of two years from the date of the execution of the contract (November 17, 1913), the Continental State Bank had not collected and realized from the net assets conveyed a sufficient amount of money to pay the indebtedness due it as provided, with interest, in that event the Continental State Bank was to deliver to the F. & M. Bank all of the uncollected and undisposed of assets and reconvey the real estate undisposed of, and was entitled to payment in cash of all unpaid amounts due it on account of indebtedness named and provided for, and the F. & M. Bank agreed to pay to the Continental State Bank the amount of unpaid balance with interest, and to secure such payment it was understood that the F. & M. Bank had executed a special bond to that effect.

It occurs to us that under the proceedings had between the two banks, and the contract as briefly outlined above, the relation of the Continental State Bank to the assets of the F. & M. Bank was more in the nature of an assignee for the benefit of the creditors of the F. & M. Bank than that of a purchaser of the assets and notes in good faith, and parting with its money in payment thereof. In the transactions between the two banks as disclosed by the evidence there is a total absence of the essentials of a bona fide purchase. Indeed, under the terms of the contract, as we view it, the vendor's lien notes involved in this suit, not having been paid within the two years by the appellees, the appellant Continental State Bank should not be in possession as assignee of the notes, much less the owner. But, if the Continental State Bank is still in rightful possession of the notes, such possession was only for the purpose of collection and applying the proceeds thereof as outlined in the contract, and was in no sense a purchaser for value as

alleged in the answer. Under the evidence and the contract between the two banks, we regard the Continental State Bank more as an agent of the F. & M. Bank for the purpose of making collection of the notes in question and other assets for a consideration, and turning the proceeds when collected back to the F. & M. Bank, less the commissions and costs, and, if not collected, turn back the notes themselves at the end of the two years. The evidence does not disclose that the Continental State Bank paid a consideration as purchaser to the F. & M. Bank for the notes, or that it ever did foreclose, or had occasion to foreclose, the lien expressed in the contract, or that it in any way had occasion to retain the notes in its possession for any purpose beyond the period when under the contract it was required to return the notes to the F. & M. Bank. Nor does the evidence disclose that the Continental State Bank advanced any money or other assets, nor that the F. & M. Bank now or at any time owed the Continental State Bank any money by reason of any of the matters it contracted or assumed to do. We are referred to the cases of Aldrich, Receiver of the Fidelity National Bank, v. Chemical National Bank, 176 U. S. 618, 20 Sup. Ct. 498, 44 L. Ed. 611, and Wyman v. Wallace, 201 U. S. 240, 26 Sup. Ct. 495, 50 L. Ed. 741, as sustaining appellants' position. We think these cases are readily distinguished from the instant case. In the first case cited Mr. Justice Harlan, in stating the case, said the Chemical National Bank alleged that it had made a loan of a large sum of money, naming the sum, to the Fidelity National Bank, which the latter bank promised to repay, and as security for the loan, had delivered to it a certificate of deposit for the amount loaned together with sundry promissory notes. That fact was established, and the decree correspondingly entered, from which the receiver appealed. The case was tried on the issue of the power of the Fidelity Bank to make the loan of money to be used in its business. There were other and collateral issues presented, but all based upon the fact of the actual loan of the money. There is no similar issue presented here.

The Wyman v. Wallace Case is not unlike the case last discussed. Mr. Justice Brewer's statement in that case shows that under the contract there made the Union Bank was to assume the payment of all liabilities of the American Bank, receiving therefor cash and such bills receivable as it was willing to accept at par and without recourse. The difference between the amounts so received and the liabilities assumed was to be represented by three nonnegotiable promissory notes of the American Bank, the payment of which was to be secured by the American Bank's remaining assets. The suit was upon one of the three notes. The court held that

the American Bank was liable on the note. The case, we think, is not in point on any issue in the case now before us.

We have carefully considered all of the issues raised. Assignments not discussed have been considered and overruled.

Finding no reversible error, the case is affirmed.

## On Motion for Rehearing.

Error is assigned to our statement in the opinion in which we say:

"No evidence is found in the record to show that the 480 acres of land was worth more or less than $4,800, the value expressed in the deed."

The statement does not accurately express what we meant to say. The deed expressed a consideration of $4,800. We meant to say that there is evidence found in the record to show that the 480 acres of land has a valuation of $4,800, as expressed in the deed. On the value of the 480 acres of land the evidence of the witnesses ranges from $3,280 to $5,760.

[5] Appellant further complains of error in overruling its assignment of error numbered 26 in the record. The Continental State Bank alleged that it was the legal owner and holder of the notes; that before maturity of any of said notes, and without notice of any of the matters or things charged in plaintiff's petition, the F. & M. Bank transferred in blank to it the said notes and the vendor's lien securing same, and thereafter, and ever since, and now, it is the legal owner and holder of the notes, and prayed for a foreclosure of the vendor's lien expressed in the notes. On the trial on the issue of its ownership of the notes in question appellant Continental Bank offered in evidence a certified copy of the proceedings had in a suit in the district court of Tarrant county filed by it against the F. & M. Bank and the sureties on the bond in the contract, a memorandum of which contract is set out in the opinion. The copy of the proceedings had embraced the petition alleging that the Continental Bank assumed the indebtedness of the F. & M. Bank as set forth in the contract, the F. & M. Bank's acknowledgment of the indebtedness of the amounts so assumed; that the conveyance of the assets of the F. & M. Bank to the Continental Bank was made for the purpose of securing the Continental Bank in the assumption of said indebtedness; that the Continental Bank took the assets, paid the indebtedness as agreed, and otherwise performed the contract, setting out its provisions; that after the performance of the terms of the contract a balance was due the Continental Bank, stating the amount, for which it prayed judgment and that it have its lien and a foreclosure upon all of the assets set out in the exhibits, including the notes in question. The copies of the proceedings in the suit, in addition to the petition, embraced the judgment rendered for the amount found to be due, establishing a lien and decreeing its foreclosure upon the assets, including the notes here involved, an order of sale, the levy and sale of the notes, the bill of sale thereto executed by the sheriff. The court excluded the above proceeding on objection of appellees to the effect that appellees were not parties to that suit; absence of the filing date of the petition; absence of relevancy and bearing upon the issues in the case at bar of the proceedings as to appellees; that the court and bond sued on in the case provides that the Continental Bank should turn back to the F. & M. Bank all of the uncollected assets which it had received, taking as its guaranty the bond under that contract; that the Continental Bank did not turn back nor tender back the assets, including the notes involved; that, not having turned back the notes, whatever may have been the allegations in the petition or the decree thereunder would be immaterial and incompetent for any purpose as to appellees.

The point insisted on by appellant is that it had a lien and right of foreclosure on all of the assets of the F. & M. Bank by reason of its contract and purchase at the foreclosure sale. The question is presented: Was it error to exclude the copies of the proceedings on the objections made? While the question presented is not free from difficulties, we have concluded that appellant, under the foreclosure proceedings, was not an innocent purchaser of the notes for value without notice, and that the exclusion of the evidence was not reversible error. With the correction made as above, the motion is overruled.